## A92A1022. SCAPIN v. THE STATE.
(420 SE2d 385)

McMurray, Presiding Judge.

Defendant Scapin appeals her conviction of the offenses of failure to maintain lane and driving under the influence of alcohol. The sole enumeration of error contends the trial court erred in failing to grant defendant's motion for new trial and motion to set aside verdict because of ineffective assistance of counsel. *Held:*

"Georgia has adopted the two part test for effectiveness set forth in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). [Cit.] Under the *Strickland* formula, defendants seeking to show that their counsel was ineffective must show: 1) their counsel's performance was deficient and 2) that the deficient performance prejudiced the defense. [Id.] at 687." *Perkins v. State,* 260 Ga. 292, 293 (2), 294 (392 SE2d 872). See also *Griffin v. State,* 199 Ga. App. 646, 647 (405 SE2d 877). The failure to establish either element of the test will result in the denial of defendant's claim of ineffective counsel. *Mason v. State,* 199 Ga. App. 691, 693 (2) (405 SE2d 747). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. *Smith v. State,* 256 Ga. 483 (351 SE2d 641) (1986)." *Warren v. State,* 197 Ga. App. 23, 24 (1) (397 SE2d 484).

Defendant contends that she had a viable defense which was not presented due to the failure of trial counsel to conduct a proper investigation. Trial counsel was informed by defendant that she had a heart condition and that her physician, Dr. Taylor, could testify as to that condition. Dr. Taylor's affidavit states that defendant has a condition of the heart, supra ventricular palpitations, which could result in erratic muscle movement and cause emotional liabilities causing defendant to appear to be intoxicated or uncoordinated. Defendant contends this medical evidence could have been used to explain her appearance at the time of the offenses.

While trial counsel did not consult or interview Dr. Taylor, there is no indication in the record on appeal as to whether this reflects some deficiency on the part of trial counsel or manifested a tactical decision. For example, trial counsel may have been reluctant to introduce evidence which by seeking to explain defendant's appearance may have afforded credence to any State's evidence that she did appear to be intoxicated. Tactical decisions are the exclusive province of the lawyer after consultation with his client. *Pitts v. Glass,* 231 Ga. 638, 640 (203 SE2d 515).

When there is nothing in the record to support the contention of error, there is nothing presented for appellate review. *Singleton v. State,* 198 Ga. App. 539, 540 (402 SE2d 132). Any transcript of the trial or of the hearing on defendant's motions for new trial and to set

aside verdict are absent from the record on appeal. The only evidence in the record on appeal is the affidavits, of herself and of her physician, submitted by defendant in support of her post trial motions. " 'The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' *Brogdon v. State*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985). The determination as to which defense witnesses will be called is a matter of trial strategy and tactics." *Harris v. State*, 198 Ga. App. 503 (1) (402 SE2d 62) (reversed on other grounds, 261 Ga. 386 (405 SE2d 482)). The evidence of record was not sufficient to compel a finding that trial counsel's performance was deficient or that any deficiency of trial counsel prejudiced the defense. The trial court's finding that defendant was afforded effective assistance of counsel must be upheld since it is not clearly erroneous. *Harris v. State*, 198 Ga. App. 503, supra.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 29, 1992.

*John H. Ridley, Jr.,* for appellant.

*Gerald N. Blaney, Jr.,* Solicitor, *Rosanna Musengo,* Assistant Solicitor, for appellee.