A93A0616. SMITH v. THE STATE.
(434 SE2d 528)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault and armed robbery. He appeals from the judgment of conviction and sentence, raising 15 enumerations of error.

The evidence reveals that appellant, a medical school graduate, and the victim, an attorney, developed a friendship in 1979. Appellant and the victim went to Las Vegas on at least one occasion to gamble. In 1981, the victim ran for public office and borrowed $8,000 from appellant. The victim paid appellant approximately $1,500 in 1982 or 1983 but did not make any other payments to appellant. On May 22, 1987, appellant and another man went to the victim's office looking for the victim, and when they did not find him, appellant and the man went to the victim's home. The victim had been alerted by his office that two men were looking for him and was in his garage when appellant and the other man arrived. The victim recognized appellant immediately, and appellant told the victim that he wanted his money. The victim told appellant that he could give appellant a check. Appellant hit the victim in the face and slammed the victim against his car. Appellant then took out a small revolver and began demanding his money. The victim explained that the banks were closed for the weekend but appellant continued screaming that he wanted his money. Appellant snatched a gold chain from the victim's neck, breaking it off as he took it. The man who was with appellant followed the victim's wife upstairs where he found a gun holster. When the man showed the holster to appellant, appellant shot the victim once in the left thigh. The victim dropped to the ground, and appellant stood over him and shot him twice in the left knee and twice in the right knee. Appellant told the victim that if he told anyone what happened he could expect to see his son's head on a platter. Appellant and the man left, and the victim's wife called the police. The victim told the police that appellant shot him, and the victim and his wife picked appellant's picture out of a photographic lineup. Appellant testified and admitted that he knew the victim and that the victim owed him money. However, appellant denied that he went to the victim's home and shot the victim.

1. Appellant's first two enumerations of error concern a situation which arose while the jury was deliberating. One of the jurors sent a note to the judge stating that appellant was a medical student at Emory while she was a resident and that although she does not remem-

ber him, they could have worked together for a month. The trial judge discussed the note with appellant's attorney as well as the prosecutor, but appellant was not present during this discussion. Appellant's trial attorney stated in a post-trial affidavit that he requested that the juror be replaced with the alternate and this request was denied by the trial judge. Appellant's trial attorney also stated that he did not discuss the incident with appellant.

Appellant first contends that he was denied his right to be present during all parts of the trial. We conclude that the brief colloquy between counsel and the trial judge about the juror's note was not a critical stage of the trial proceedings at which appellant had an absolute right to be present. *Stone v. State*, 177 Ga. App. 750 (1) (341 SE2d 280) (1986).

Appellant also argues that the trial judge erred in not conducting a hearing into possible juror bias. We first note that the record does not reflect that any request for a hearing was made. More importantly, the note from the juror does not reflect any potential bias because the juror expressly stated that she did not remember appellant. We therefore find no merit to appellant's first two enumerations of error.

2. In his next two enumerations of error, appellant complains that he is entitled to a new trial because his jury included jurors who were biased against him and who gave false information. These two jurors include the juror who is the subject of appellant's first two enumerations of error and another juror who gave an affidavit in support of appellant's motion for new trial in which he stated that as the trial progressed he remembered something about appellant's previous involvement in a drug manufacturing case. However, that juror stated that this information did not affect his decision to return a guilty verdict against appellant. Appellant claims that these two jurors failed to disclose during voir dire that they knew him. We note at the outset that there is no transcript reflecting the voir dire examination of the jurors. Assuming arguendo that the prospective jurors were asked whether they knew appellant and that they responded in the negative, appellant failed to show that those answers were untruthful or that he was prejudiced. Accordingly, the trial court did not err in denying appellant's motion for new trial on the ground that he was denied an impartial jury. See *Mosley v. State*, 257 Ga. 382 (4) (359 SE2d 653) (1987).

3. In his fifth enumeration of error, appellant contends that the trial court erred in its charge to the jury. Although appellant takes this opportunity to assert error with eight of the trial court's charges, the record reflects that appellant objected only to the charge on flight. Consequently, this is the only error preserved for our review. See *Mapp v. State*, 204 Ga. App. 647 (5) (420 SE2d 615) (1992). The trial

judge instructed the jury that flight is a circumstance from which an inference of guilt may be drawn. In *Renner v. State*, 260 Ga. 515 (3b) (397 SE2d 683) (1990), the Supreme Court of Georgia held that in cases tried after January 10, 1991, it is error to give a charge on flight. However, since appellant's trial concluded in December 1989, *Renner* does not apply. There was evidence that appellant attempted to flee when confronted with officers present to arrest him, and we find no error in the court's charge. See *Clayton v. State*, 203 Ga. App. 843 (2b) (418 SE2d 610) (1992).

4. Appellant argues that the trial court improperly limited his cross-examination of the victim. Specifically, appellant argues that the trial court did not allow him to explore the victim's prior gambling record and debt history or about the victim's possible motive for accusing appellant of the offenses. During cross-examination, the victim was asked whether he had acquired a significant amount of gambling debts and the victim denied the allegation. When appellant's counsel pursued the matter further, the State objected, and outside the presence of the jury, appellant's counsel informed the trial judge that the victim had been charged with misdemeanor gambling. The trial judge ruled that appellant could offer evidence that the victim was a major gambler and thereby impeach the victim's testimony. The record reflects that appellant conducted an extensive cross-examination regarding trips the victim made to Las Vegas and lines of credit he may have established at various casinos. Appellant was also allowed to ask the victim about whether he accused appellant because it would be easier to explain his injuries. The victim denied this as a possibility, and the trial judge instructed appellant's counsel to move to another subject. We find no improper limitation on appellant's right to a thorough and sifting cross-examination. See *Ballentine v. State*, 194 Ga. App. 560 (2) (390 SE2d 887) (1990).

5. Similarly, we find no merit to appellant's contention that the trial court improperly limited his testimony on direct examination. Appellant attempted to testify that the victim suggested a way that he could get rid of a $20,000 gambling debt, and the trial court ruled that this was irrelevant. We find no error.

6. Appellant next argues that he is entitled to a new trial because he was convicted on the victim's perjured testimony. In his motion for new trial, appellant presented evidence which contradicted the victim's trial testimony that he did not have a criminal record, that he was not a major gambler and that he did not have credit in Las Vegas. "Aside from any questions of the timing of appellants' knowledge or of diligent acquisition, the . . . evidence, if accepted, operates solely to impugn [a witness's] credibility at trial. This is not enough in and of itself to warrant another trial." *Eliopulos v. State*, 203 Ga. App. 262, 263 (1) (416 SE2d 745) (1992).

7. In his ninth enumeration of error, appellant contends that the trial court erred several times in admitting negative character evidence. We have examined the transcript in all of the places where appellant contends error occurred. We note the conspicuous absence of any objection to most of the references, all of which only incidentally, at best, reflect on appellant's character. Furthermore, " ' "[w]here evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant." ' [Cit.]" *Bogan v. State*, 206 Ga. App. 696, 697 (1) (426 SE2d 392) (1992).

8. Appellant also argues that the trial court erred in allowing the State to make an improper closing argument. Appellant failed to object to any portion of the prosecutor's closing argument. Consequently, there is nothing for us to review. *Smith v. State*, 189 Ga. App. 244 (6) (375 SE2d 496) (1988).

9. Appellant contends that the trial court made an improper statement in the presence of the jury. Appellant says that the judge referred to his evidence as a "bunch of trash." However, the record reflects that in making a ruling about the inadmissibility of testimony sought to be elicited from appellant, the trial judge stated: "We're talking about irrelevant things, and then we keep building on it other things, and so we end up with a bunch of trash in front of the jury." We find nothing improper about the trial judge's comment which was clearly directed at specific irrelevant testimony he excluded from the jury.

10. In his twelfth enumeration of error, appellant contends that the evidence is insufficient to support his conviction of armed robbery. There is evidence that appellant had his gun out at the time that he forcibly took the gold chain from the victim's neck. This evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

11. Appellant argues that throughout the trial, the trial judge admitted hearsay evidence. The record does not reflect that appellant made any objection to any of the alleged hearsay evidence. " 'It is well settled that while evidence may be subject to objection yet if no objection is made in the trial court, or if the only objection made is not good, no reversible error is committed by the trial court in allowing the evidence to be submitted. (Cits.)' [Cit.]" *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) (1991).

12. Appellant's contention that the State failed to provide him with exculpatory *Brady* (*v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)) material is also without merit. There is no evidence that any wilful or intentional concealment occurred in this case or that there was any exculpatory evidence in the hands of the prosecutor. Accordingly, appellant failed to carry his burden of establishing

a *Brady* violation. See *Brown v. State*, 192 Ga. App. 187 (3b) (384 SE2d 254) (1989).

13. In his final enumeration of error, appellant contends that the trial court erred by not recording the entire trial including voir dire. Since the record does not reflect that appellant requested complete recordation, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JULY 12, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 — 

*Michael K. McIntyre*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Kenneth D. Feldman, Assistant District Attorneys*, for appellee.