S93A0652. LAJARA v. THE STATE.
(435 SE2d 600)

FLETCHER, Justice.

Luis Anado Lajara was convicted of felony murder in the death

of David Alley and sentenced to life imprisonment.[1] He appeals and we affirm.

1. The facts when viewed in a light most favorable to the prosecution are sufficient to prove that Lajara became involved in an altercation with the victim outside a bar and fatally stabbed the victim in the abdomen during the course of that altercation. After reviewing the record, we conclude that a rational trier of fact could have found Lajara guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lajara claims that he was prejudiced by the court's charge concerning the method the jury should follow in considering the offenses of felony murder and voluntary manslaughter. Lajara maintains that the court's charge was sequential in that it required the jury to first acquit him of felony murder before it could consider the lesser offense of voluntary manslaughter.

In *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992) we adopted a modified version of the merger rule to ensure that persons would not be convicted of felony murder in cases where the facts otherwise warrant a verdict of voluntary manslaughter. To ensure that juries consider the offense of voluntary manslaughter during their deliberations, we expressly disapproved of sequential charges in the felony murder, voluntary manslaughter context. Sequential charges concerning these two offenses allow the jury to stop deliberation once they have reached a guilty verdict on the felony murder charge without first considering the mitigating factors of provocation and passion which are present in cases of voluntary manslaughter. See *Head v. State*, 262 Ga. 795 (426 SE2d 547) (1993) (Hunt, P. J., concurring). Having reviewed the charge, we conclude that the trial court did give a sequential charge as Lajara contends.[2]

Our holding in *Edge* was designed to preclude juries from automatically finding defendants guilty of felony murder without any consideration of voluntary manslaughter. See *Shaw v. State*, 263 Ga. 88 (428 SE2d 566) (1993). Although the trial court did not follow *Edge* in giving its charge, the facts show that the jury did consider voluntary manslaughter. Specifically, the jury entered the words "not

---

[1] The crime was committed on October 6, 1991 and Lajara was indicted on December 10, 1991. His trial commenced on May 11, 1992 and on May 13, 1992, he was convicted and sentenced to life imprisonment. He filed a motion for new trial on June 10, 1992, which was denied on November 2, 1992. On November 25, 1992, new defense counsel filed a motion for an evidentiary hearing on the issue of ineffective assistance of trial counsel and for an extension of time for the filing of a notice of appeal. The motion was granted and following an evidentiary hearing on January 20, 1993, the trial court entered its order finding that Lajara was not denied effective assistance of counsel. The case was docketed in this court on January 26, 1993 and was orally argued on April 12, 1993.

[2] To avoid error trial courts should modify the charge on felony murder and voluntary manslaughter in the manner discussed by this court in *Edge*.

guilty" next to the offense of voluntary manslaughter on the verdict form they returned to the court. Moreover, during jury deliberations, the jury asked for and received a recharge from the court solely on the issue of voluntary manslaughter. We find that the jury's verdict form and request for a recharge on voluntary manslaughter prove that the jury did, in fact, consider the charge of voluntary manslaughter and that the purpose of *Edge* was achieved despite the sequential charge given by the court. This enumeration is therefore without merit.[3]

3. Lajara's co-defendant, Boterf, testified at the trial after a grant of testimonial immunity by the court. Lajara argues that his trial counsel was ineffective when he failed to request charges from the court concerning the meaning and effect of testimonial immunity.

In order to show ineffective assistance of counsel, Lajara must show that counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jowers v. State*, 260 Ga. 459 (396 SE2d 891) (1990).[4] "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Strickland*, 466 U. S. at 698.

Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

> In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

---

[3] Our determination in Div. 2 renders moot defendant's enumerations concerning whether counsel preserved the right to object to the charge and whether counsel was ineffective if the right was not preserved.

[4] We do not reach the question of whether the failure to request such a charge shows that the attorney's representation fell below an objective standard of reasonableness as required by the other component of *Strickland*.

*Strickland,* 466 U. S. at 697.

Here, we have first directed our inquiry to the prejudice component and, after reviewing the entire record, we find nothing to show a reasonable probability that the outcome of Lajara's trial would have been different had counsel asked for the charges concerning the meaning and effect of testimonial immunity. Therefore, Lajara's ineffective assistance of counsel claim must fail since he has shown no prejudice.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1993.

*Garland B. Cook, Jr.,* for appellant.

*Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.

