### A99A0044. JONES v. THE STATE.
(513 SE2d 254)

Judge Harold R. Banke.

Ray A. Jones was convicted of the offenses of criminal trespass, pointing a gun at another, and possession of a firearm by a convicted felon. On appeal, Jones enumerates five errors.

The underlying case arose after a late night altercation involving Jones and his girlfriend, one of the victims. The next morning, Jones returned to his girlfriend's home and kicked in the door after he was refused entry. After breaking the door down, Jones brandished a pistol, alternately pointing it at his girlfriend, her son, and a friend of the family.[1] Although Jones threatened to shoot one of them if anyone attempted to call the police, the victim's son managed to escape and jumped a fence to summon help. When the police arrived, the victims told police that Jones had just hidden the gun. After a brief search, Jones' fully loaded pistol was recovered from under a couch. At trial, the State presented evidence establishing that Jones was a convicted felon. *Held*:

1. Jones contends that the evidence was insufficient to sustain his conviction for criminal trespass. He claims that the State failed to prove the amount of damage to the door and that the door belonged to his girlfriend's son.

A person commits the offense of criminal trespass by intentionally damaging any property of another without consent and the damage is $500 or less. OCGA § 16-7-21 (a); *Waldrop v. State*, 231 Ga. App. 164, 166 (498 SE2d 337) (1998). Here, the testimony showed that when Jones kicked the door, the force from those blows damaged the door, breaking off the deadbolt lock and the metal chain and

---

[1] Jones was indicted only for pointing a gun at the victim's son.

splitting the door itself. The members of the jury could draw from their own experiences in forming estimates of the value of the door, an everyday object. *Matthews v. State*, 224 Ga. App. 407, 409 (2) (481 SE2d 235) (1997); *Mallory v. State*, 164 Ga. App. 569, 570 (2) (298 SE2d 290) (1982).

Notwithstanding Jones' claim to the contrary, the State did not have to prove the actual ownership of the door, only that the door belonged to someone other than Jones. OCGA § 16-7-21 (a). It is undisputed that Jones neither leased nor owned this home. Plainly, neither the girlfriend nor her son consented to Jones' damaging the door and barging into the home at gunpoint. This evidence was sufficient to sustain Jones' conviction for criminal trespass within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In three enumerations, Jones contends that the trial court erred in its jury charges on criminal trespass, pointing a firearm at another and possession of a firearm by a convicted felon.

Because Jones neither objected to these charges nor reserved his right to object, appellate review is procedurally foreclosed. *Anderson v. State*, 262 Ga. 331, 332 (2) (418 SE2d 39) (1992). Even assuming arguendo that the substantive error rule of OCGA § 5-5-24 (c) applied here, Jones failed to specify how he was harmed by the charges or how anything in these charges " 'seriously affected the fairness, integrity, and public reputation' " of the trial. *Owens v. State*, 263 Ga. 99, 101-102 (2) (428 SE2d 793) (1993).

To establish the count for possession of a firearm by a convicted felon, the State had to prove that Jones had a prior felony conviction. Jones' counsel had told the jury that Jones had "a prior record" and was a convicted felon. The State, without objection, tendered a certified copy of Jones' 1993 conviction for possession of a firearm by a convicted felon. This was not improper.

While charging the law on possession of a firearm by a convicted felon, the court apparently erred by stating that possession of cocaine is a felony, a crime not mentioned in the indictment. See *Greenhill v. State*, 199 Ga. App. 218, 222 (404 SE2d 577) (1991). Jones contends that the trial court compounded the error by failing to read the indictment and by not restricting the jury to consideration of the offenses listed in the indictment.

The record does not support Jones' claim. In its preliminary instructions and in its final charge, the court explicitly informed the jury that Jones was being tried only for the three crimes charged in the indictment: pointing a gun at another, criminal trespass, and possession of a firearm by a convicted felon. The court expressly defined each count in detail. Although from the record before us, we cannot discern whether the jury was given a copy of the indictment,

the verdict form provided to the jury plainly listed each of the three separate counts and the court properly instructed the jury on completion of that form. Having considered the charge as a whole and in view of the overwhelming evidence of Jones' guilt, we do not find that reversal is warranted. *Owens*, 263 Ga. at 101-102 (2); *Howard v. State*, 202 Ga. App. 574, 576 (415 SE2d 45) (1992).

3. Jones asserts that his trial counsel was ineffective for failure to preserve the defectiveness of the jury charges for appeal and for failure to object when the State impermissibly injected his character into the case by eliciting testimony that Jones had been arrested for holding guns for a gang.

To establish ineffectiveness, an appellant must show not only that his counsel's performance was deficient, but also that the deficiency prejudiced him. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Anderson*, 262 Ga. at 333 (5). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffectiveness claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997).

Here, we find no reasonable probability that the outcome of the trial would have been different had counsel objected to the detective's testimony which insinuated Jones' possible connection to a gang. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995). Because the trial court's finding that Jones was not denied effective assistance of counsel was not clearly erroneous, it must be affirmed. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

*Judgment affirmed. Beasley, P. J., and Blackburn, J., concur.*

DECIDED MARCH 1, 1999.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Patrick B. Moore, Assistant District Attorney*, for appellee.