A99A0831. BRUMELOW v. THE STATE.
A99A1200. BAXTER v. THE STATE.
(520 SE2d 776)

JOHNSON, Chief Judge.

Jason Brumelow, Brannon Baxter, Donald Smith and Michael Landers were indicted for various crimes arising out of a home invasion armed robbery. Landers pled guilty to the charges. Brumelow, Baxter and Smith pled not guilty and were tried before a jury. At trial, Brumelow and Baxter were represented by the same attorney while Smith had separate counsel.

After the state closed its evidence, the court directed a verdict of acquittal to Smith on all the charges, and to Brumelow and Baxter on some of the charges. The remaining charges were submitted to the jury, which found Brumelow and Baxter each guilty of three counts of aggravated assault, three counts of kidnapping, three counts of possessing a firearm during the commission of a crime, armed robbery and burglary.

Brumelow and Baxter filed separate appeals from the judgments of conviction entered on the verdicts. Because the appeals arise from the same trial, we consider them together.

*Case No. A99A0831*

1. Brumelow claims the court improperly forced him to voir dire potential jurors before Baxter, in contravention of an agreement between the co-defendants that Baxter would question jurors first. The claim is without merit.

The record does not contain a transcript of the voir dire, so Brumelow has improperly attempted to show that he preserved this issue for appellate review by attaching affidavits from his attorney and Baxter's attorney to his appellate brief. "A brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. We must take our evidence from the record and not from the brief of either party." (Citations and punctuation omitted.) *Rivers v. State*, 229 Ga. App. 12, 13 (1) (493 SE2d 2) (1997).

The record before us does not show that Brumelow objected to the court's decision regarding the order in which the parties were allowed to question the jurors. Consequently, Brumelow cannot raise this issue for the first time on appeal. "To raise an issue as to error in the conducting of the voir dire, objection must be made in the trial court to preserve the issue for appeal." (Citation and punctuation omitted.) *McKenzie v. State*, 188 Ga. App. 571, 573 (2) (373 SE2d 830) (1988).

Even if the issue were properly before us, it does not provide a basis for reversing the trial court. The sole purpose of voir dire is to determine the impartiality of jurors; the control of that determination is within the sound legal discretion of the trial court, which will be upset only in the event of manifest abuse. *Green v. State*, 266 Ga. 237, 240 (4) (466 SE2d 577) (1996); *Baker v. State*, 230 Ga. App. 813, 815 (1) (b) (498 SE2d 290) (1998). The order in which Brumelow and Baxter questioned jurors was a matter fully within the court's control, and the court did not manifestly abuse its discretion by having Brumelow's questioning precede that of Baxter.

2. Brumelow complains that the court erred in denying his motion for a new trial because one of the jurors untruthfully indicated during voir dire that he did not know one of the victims. At the motion for new trial hearing, the juror testified that he and the victim had gone to grade school together, but he had not seen the victim for many years and they are not now friends. The juror testified that during voir dire he did not recognize the victim's name, but later recognized the victim during his trial testimony. The juror averred

that having known the victim many years ago did not influence his verdict.

> In order to obtain a new trial in this circumstance, the defendant must show that the juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause.

(Citation and punctuation omitted.) *Poole v. State*, 262 Ga. 668, 670 (2) (424 SE2d 275) (1993). Brumelow is unable to make either of these required showings.

First, the juror was mistaken, not dishonest, when he indicated during voir dire that he did not know the victim; he simply did not recognize the name of someone he had gone to school with many years ago. Second, even if the juror's mistaken response amounted to dishonesty, Brumelow could not further show that a correct response would have provided a valid basis for a challenge for cause. Merely knowing the victim is not a sufficient ground to strike a juror for cause. *Cammon v. State*, 269 Ga. 470, 473 (4) (b) (500 SE2d 329) (1998). Thus, the juror's mere acquaintance with the victim from school would not have been a valid basis for Brumelow to challenge the juror for cause. See generally *Waddell v. State*, 224 Ga. App. 172, 175 (3) (b) (480 SE2d 224) (1996); *Munn v. State*, 208 Ga. App. 674 (1) (431 SE2d 447) (1993). The trial court did not err in denying Brumelow a new trial on this ground. See *Poole*, supra.

3. Brumelow argues the court erred by interjecting objections to his cross-examination of one of the victims. The argument misconstrues what actually took place. The court did not object to Brumelow's questioning, but instructed him outside the presence of the jury to follow proper procedures in attempting to impeach the witness with a prior inconsistent statement or a prior conviction.

> It is the duty of the trial court to control the trial of the case and to insure a fair trial to both sides. Sometimes this requires interference by the court with the conduct of counsel or with a witness in the trial. The trial judge has broad discretion in handling these matters and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness.

(Citations and punctuation omitted.) *Najmaister v. State*, 196 Ga. App. 345, 347 (2) (396 SE2d 71) (1990).

In the instant case, the court's instruction that Brumelow follow proper impeachment methods was certainly an appropriate exercise of discretion in controlling the trial and was not unfair or prejudicial

to Brumelow. See *Gilbert v. State*, 208 Ga. App. 258, 265 (5) (430 SE2d 391) (1993); *Westerfield v. State*, 176 Ga. App. 195, 197-198 (3) (b) (335 SE2d 702) (1985) (physical precedent). We find no error.

4. Brumelow argues the court erred in admitting into evidence his statements to a federal agent and a Paulding County detective. Although not clearly articulated, it appears Brumelow is contending that his waiver of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), was not knowing and voluntary because those rights were read to him by the federal agent investigating federal crimes, rather than by the county detective investigating the crimes at issue in this case. The contention is unpersuasive.

A suspect's awareness of all the crimes he is to be questioned about is not relevant to the issue of whether the suspect's waiver of his *Miranda* rights was knowing and voluntary. *Peebles v. State*, 260 Ga. 430, 431 (1) (396 SE2d 229) (1990); *Peebles v. State*, 196 Ga. App. 176, 177 (1) (a) (395 SE2d 640) (1990). Thus, the mere facts that the federal agent investigating federal crimes informed Brumelow of his rights and had Brumelow sign a federal waiver of rights form are completely irrelevant to the knowing and voluntary nature of his waiver and statements concerning the state crimes involved in this case. See generally *Vaughan v. State*, 210 Ga. App. 381, 383 (3) (a) (1) (436 SE2d 19) (1993).

Moreover, the county detective testified at the hearing on the admissibility of the statements that he told Brumelow he was investigating the home invasion armed robbery. Thus, it appears that Brumelow was in fact informed of the incident at issue in this case prior to making his statements. Given that Brumelow was fully informed of his rights and that he then signed a form waiving those rights, the trial court correctly found that Brumelow's statements were made knowingly and voluntarily. See *Brown v. State*, 225 Ga. App. 201, 202 (2) (483 SE2d 641) (1997); *Peebles*, supra.

*Case No. A99A1200*

5. Baxter contends his trial counsel was ineffective in failing to object to the following testimony from a detective that placed his character in issue: that when Baxter and Brumelow were arrested, drugs and a weapon were found in their possession, that Baxter told the detective the weapon was related to a burglary, and that Baxter stated the weapon he used in the home invasion was stolen.

"To establish ineffectiveness, an appellant must show not only that his counsel's performance was deficient, but also that the deficiency prejudiced him. [Cits.]" *Jones v. State*, 236 Ga. App. 716, 718 (3) (513 SE2d 254) (1999). Baxter can show neither deficiency nor prejudice based on trial counsel's decision not to object to the detective's testimony.

The decision not to object was not deficient because the detective's testimony was admissible. The state may inform the jury of all the circumstances surrounding the commission of the crimes charged. *Ramsey v. State*, 233 Ga. App. 810, 812 (2) (505 SE2d 779) (1998). Additionally, all of the circumstances surrounding an arrest are admissible for whatever value the jury wants to place on them. *Samples v. State*, 234 Ga. App. 8, 10 (1) (a) (505 SE2d 813) (1998). And statements made by an accused at the time of arrest are admissible. *Hearst v. State*, 212 Ga. App. 492, 496 (2) (b) (4) (441 SE2d 914) (1994). Thus, the detective's testimony regarding the arrest and Baxter's statements about the arrest and the home invasion was admissible.

Moreover, even if the testimony impermissibly placed Baxter's character in evidence, Baxter has failed to meet his burden of affirmatively rebutting the presumption that counsel's decision not to object was a matter of trial strategy, i.e., intentionally avoiding an objection which would draw the jury's attention to the witness' statement. See *Smith v. State*, 234 Ga. App. 586, 589 (1) (a) (ii) (506 SE2d 406) (1998).

Finally, "we find no reasonable probability that the outcome of the trial would have been different had counsel objected to the detective's testimony. . . . [Cit.]" *Jones*, supra. Thus, any deficiency by counsel did not prejudice Baxter. Because the trial court's finding that Baxter was not denied effective assistance of counsel is not clearly erroneous, we must affirm it. See *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

6. Baxter claims he received ineffective assistance of counsel because his trial attorney had a conflict of interest in representing both him and Brumelow. Baxter, however, waived any conflict of interest claim in the trial court.

Before trial, both Baxter and Brumelow confirmed to the court that they had discussed the case with their attorney, that there was no conflict between them and that they had no objection to the attorney representing them both. Where defendants state on the record that they have discussed the case with counsel, that there is no conflict of interest and that they are satisfied to proceed with one counsel, any error was induced by the defendants' statements, and induced error is impermissible. *Pittman v. State*, 208 Ga. App. 211, 217 (5) (430 SE2d 141) (1993). "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." (Citations and punctuation omitted.) *Sartin v. State*, 223 Ga. App. 759, 760 (1) (479 SE2d 354) (1996). Because Baxter waived a conflict of interest claim prior to trial, he cannot now complain of such conflict. See *Howard v. State*, 220 Ga. App. 267, 271-272 (4) (469 SE2d 396) (1996).

7. Baxter argues his right to be present at all stages of his trial was violated when the court and his attorney discussed the conflict of interest issue in Baxter's absence. The argument is without merit.

The discussion Baxter complains of took place more than a month before trial during a hearing on co-defendant Smith's motion to sever his trial from that of Baxter and Brumelow. Baxter's attorney was present in the courtroom simply to observe, not participate in, the hearing. The judge, who is not the same judge who presided over the actual trial, asked the attorney whom he represented. The attorney said he represented Baxter and Brumelow. The judge then asked if there was a conflict between them, and the attorney stated there was no conflict and even if there was, they had waived it. The court then made no further comment to the attorney on the matter and proceeded with the hearing on the motion to sever.

The discussion in question was not a critical stage of Baxter's trial at which he had an absolute right to be present, but was merely an extremely brief and informal colloquy, which took place over a month before trial at a hearing on a co-defendant's motion, and which invoked no ruling by the court. See *Smith v. State*, 209 Ga. App. 699, 700 (1) (434 SE2d 528) (1993); *Stone v. State*, 177 Ga. App. 750, 751 (1) (341 SE2d 280) (1986). We find no error requiring a reversal of Baxter's convictions based solely on his absence from that colloquy. See generally *Bowden v. State*, 202 Ga. App. 802, 803 (1) (415 SE2d 527) (1992) (physical precedent) (see also Beasley, J., concurring specially); *Bishop v. State*, 179 Ga. App. 606, 609 (2) (347 SE2d 350) (1986).

8. Baxter complains the court erred in limiting his recross-examination of a state witness about a prior statement by the witness concerning the type of gun Baxter had possessed. "The trial court has discretion to limit the scope of recross-examination, which is not intended for the introduction of new matter. [Cit.]" *Scott v. State*, 227 Ga. App. 900, 902 (4) (d) (490 SE2d 208) (1997). The court did not abuse its discretion in prohibiting Baxter from questioning the witness about the statement as being beyond the scope of the redirect examination. See *Moss v. State*, 196 Ga. App. 81, 83-84 (4) (395 SE2d 363) (1990).

Furthermore, before the court's ruling Baxter actually questioned the witness about his prior statement, and the witness admitted that his trial testimony that Baxter had possessed a .38 caliber gun differed from his prior statement to police that Baxter had possessed a .25 caliber gun.

Where the subject matter of the alleged curtailed cross-examination has been successfully explored and answered by a witness, the trial judge does not unduly limit a defend-

ant's right to a thorough and sifting cross-examination by refusing to allow it to be repeated or explored further.

(Citations and punctuation omitted.) *Holder v. State*, 194 Ga. App. 790, 794-795 (6) (391 SE2d 808) (1990). Here, the trial court did not unduly limit Baxter's right to recross-examine the witness because the matter had already been fully explored.

*Judgments affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JULY 14, 1999.

*Edward T. Murray*, for appellant (case no. A99A0831).

*Gammon & Anderson, W. Wright Gammon, Jr.*, for appellant (case no. A99A1200).

*James R. Osborne, District Attorney, Todd C. Alley, Assistant District Attorney*, for appellee.