## A01A2367. SANDERS v. THE STATE.
(559 SE2d 122)

ELLINGTON, Judge.

A Cobb County jury convicted Richard Eugene Sanders of aggravated assault, OCGA § 16-5-21, and two counts of possession of a firearm by a convicted felon, OCGA § 16-11-131. Following the denial of his motion for new trial, Sanders appeals, contending he was denied effective assistance of counsel. Finding no error, we affirm.

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [Sanders] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

(Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995).

> Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations and punctuation omitted.) *Clark v. State*, 239 Ga. App. 245, 248 (5) (520 SE2d 245) (1999).

Based on the police investigation in this case, the State expected to present evidence of the following events. At the time of the shooting, Sanders was living apart from his wife. On September 14, 1999, Sanders picked up his two minor children from his wife's residence for a day of visitation and returned them to the residence that evening. Sanders and his wife stood outside for several minutes arguing. The victim, the wife's "boyfriend" who had been living in the residence for about a month, became concerned about the "altercation" and pulled Sanders' wife into the residence. Sanders pulled a handgun and shot the victim.

In consultation with his counsel before trial, Sanders denied any involvement in the shooting and said his mother and grandmother would serve as alibi witnesses. Sanders' wife exercised the marital

privilege and refused to testify. At trial, the victim surprised the prosecutor by initially refusing to identify Sanders as the person who shot him. The victim testified that, on the evening of the shooting, he had walked or rushed toward Sanders and that Sanders had backed away several steps until he (Sanders) tripped and fell back, causing the gun to go off. The victim further testified that he had displayed a handgun to Sanders in a threatening way during many previous encounters.

Sanders now contends his trial counsel's performance in preparing for trial was deficient in the following particulars: Sanders' trial counsel failed to interview the victim; failed to interview either of the investigating officers; failed to resolve discrepancies in the police report as to the victim's race and age; failed to visit the crime scene; had little communication before trial with Sanders' wife; failed to canvass the neighborhood to determine if there were additional witnesses; attempted to interpose the defenses of self-defense and justification without doing adequate investigation; and failed to present evidence that Sanders' wife was the shooter.

At the motion for new trial, Sanders' trial counsel testified that he prepared extensively for trial, including interviewing Sanders and the alibi witnesses Sanders identified. He interviewed Sanders' wife to the limited extent she would cooperate, reviewed her pretrial statements, and investigated whether she had a criminal record. He interviewed Sanders' stepdaughter who witnessed some of the events. Although he did not interview the investigating officers, he reviewed their reports. He planned to use discrepancies in the police reports to attack the officers' credibility. He did not visit the crime scene, but he had access to the photographs taken by investigators. He did not interview the victim because the victim, a long-haul trucker, was seldom in town. However, he reviewed the victim's pretrial statements. Sanders failed to show his trial counsel did not adequately investigate the case and prepare for trial. *Capers v. State*, 220 Ga. App. 869, 873 (1) (h) (470 SE2d 887) (1996).

In addition, while counsel might have learned of the victim's accident scenario if he had interviewed him before trial, Sanders had insisted that he was not present at the time of the shooting and opted to present an alibi defense. See *Callaway v. State*, 247 Ga. App. 310, 320 (6) (a) (542 SE2d 596) (2000) ("A client cannot simply withhold relevant information within his knowledge, of which his attorney would have no reason to be aware, and then claim that the attorney was ineffective for failing to discover such information on his own."). Finally, counsel's decisions with regard to the choice of defenses and theories to be advanced at trial, even if unwise, are deemed matters of tactic and strategy; as a matter of law, strategic decisions do not amount to ineffective assistance of counsel. *Swint v. State*, 250 Ga.

App. 573-574 (552 SE2d 504) (2001). The trial court's determination that trial counsel's performance was constitutionally adequate was not clearly erroneous. *Bogan v. State,* 249 Ga. App. 242, 244 (2) (547 SE2d 326) (2001).

Furthermore, Sanders failed to carry his burden of showing prejudice from counsel's alleged deficiencies. "With respect to adequate investigation, [Sanders] introduced no evidence at the hearing as to what further investigation by counsel would have revealed," and, indeed, concedes that he has been unable to identify any helpful evidence which could have been revealed by additional investigation. *Sewell v. State,* 229 Ga. App. 685, 689 (1) (d) (494 SE2d 512) (1997). "Absent a proffer, defendant cannot meet his burden of making an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case." (Citation and punctuation omitted.) Id. Therefore, the trial court's determination that trial counsel's alleged deficiencies did not prejudice his defense was not clearly erroneous. *Eackles v. State,* 270 Ga. 558, 561 (2) (d) (512 SE2d 635) (1999).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 18, 2002.

*Michael R. Schumacher,* for appellant.
*Patrick H. Head, District Attorney, Irvan A. Pearlberg, Amelia G. Pray, Assistant District Attorneys,* for appellee.