A04A2206. EASON v. THE STATE.
(605 SE2d 830)

ELDRIDGE, Judge.

A Carroll County jury found Michael Eason guilty of aggravated assault, which charge arose when Eason cut another man across the face with a knife. We previously affirmed Eason's conviction, and the facts of this case are set out in that prior opinion.[1] Additionally, we remanded the case for an evidentiary hearing on Eason's claim of ineffective assistance of trial counsel, because appeal was the earliest practicable moment to raise this issue.[2] Below, pursuant to an amended motion for new trial, an evidentiary hearing was held addressing the allegations of ineffectiveness. The trial court denied the motion, and this appeal followed. Because Eason has demonstrated no basis for finding error in the trial court's conclusion that he received effective assistance of counsel at trial, we affirm.

To prevail on this claim under the standard of *Strickland v. Washington*,[3] Eason must show both that his attorney's performance was deficient and that the deficiency prejudiced the defense to the extent that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been

---

[22] 273 Ga. 420 (541 SE2d 355) (2001).

[23] 248 Ga. 380 (283 SE2d 463) (1981).

[24] *Johnson*, supra at 422, citing *Brinson*, supra at 381.

[1] *Eason v. State*, 261 Ga. App. 221 (582 SE2d 194) (2003).

[2] See *Ponder v. State*, 260 Ga. 840, 841 (400 SE2d 922) (1991).

[3] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

different.[4] A court need not examine the deficiency prong when the record demonstrates that no prejudice occurred.[5] Further, as a matter of law, strategic decisions do not amount to ineffective assistance of counsel.[6]

With these principles in mind, we have examined Eason's allegations of attorney error and find no reasons for reversal. Those allegations which assert a lack of preparation on defense counsel's part are either factually meritless based upon the answers given by counsel during the hearing on the motion for new trial, or Eason has failed to demonstrate prejudice attributable to these alleged errors. The allegation related to an objection not raised at trial is legally meritless since the allegedly objectionable testimony was admissible for impeachment purposes to explain why a witness who had initially incriminated Eason in her statement to the police thereafter testified on his behalf; moreover, "[i]t is well established that the decision of whether to interpose certain objections is a matter of trial strategy and tactics."[7] With regard to Eason's additional claims of error, we find as follows: (a) the record shows that Eason, not his attorney, made the decision as to whether Eason should testify at trial; (b) his attorney asserted "defense of habitation" on Eason's behalf and explored, pretrial, whether Eason would be immune from prosecution based on this defense; further, choices of defenses and theories to be advanced at trial are deemed matters of tactics and strategy;[8] and (c) defense counsel informed Eason of a plea offer and explained the ramifications of conviction in light of Eason's prior convictions to be introduced in aggravation at sentencing; Eason, however, "was adamant that he was not going to take a plea bargain."

"[Eason] bears the burden of establishing that he received ineffective assistance of trial counsel, and the trial court's finding that [Eason's] trial counsel was effective will be upheld unless it is clearly erroneous."[9] On the record before us, we do not find as clearly erroneous the trial court's conclusion that Eason received effective assistance of counsel at trial.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED OCTOBER 19, 2004.

---

[4] *Doctor v. State*, 275 Ga. 612, 614 (5) (571 SE2d 347) (2002).

[5] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

[6] *Sanders v. State*, 253 Ga. App. 380, 381 (559 SE2d 122) (2002).

[7] *Gosnell v. State*, 247 Ga. App. 508, 511 (3) (544 SE2d 477) (2001).

[8] *Sanders v. State*, supra at 381.

[9] (Footnote omitted.) *Gosnell v. State*, supra at 511.

*Kevin W. Drummond, Ruth K. Johnson*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.