## A04A1948. MILLER v. THE STATE.
(610 SE2d 156)

MIKELL, Judge.

Edward Miller appeals from his aggravated assault and simple battery convictions, asserting that (1) insufficient evidence supports his convictions; (2) the trial court erred by allowing defense counsel to represent him despite a conflict of interest; and (3) he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. "On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that Miller and his father argued over money, that Miller pointed a gun at his father, threatened to blow his brains out, and hit his father's hand with a gun, causing it to bleed. Although the father initially wanted to press charges against his son, he changed his story at trial and the state proved its case through inconsistent statements made by the father to a police officer and

family members shortly after the incident. We find this evidence sufficient to support Miller's convictions under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Holiday v. State,* 272 Ga. 779, 780 (2) (534 SE2d 411) (2000) ("prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible both to impeach the witness and as substantive evidence").

2. We find no merit in Miller's contention that the trial court erred when it allowed defense counsel to continue representing him after being made aware of a potential conflict of interest. The record shows that at the time Miller was prosecuted in this case for aggravated assault and simple battery, there were also pending charges in another case against Miller and his father for drug violations and obstructing an officer. Miller's defense counsel in this case also represented the father in the other pending drug case in which Miller was a co-defendant. In the motion for a new trial hearing, defense counsel testified that he talked with Miller about the potential conflict that existed based on his representation of Miller's father in the drug case before jury selection had begun in the trial of the aggravated assault case. After jury selection, but before the start of Miller's trial, the parties disclosed the potential conflict of interest to the trial court and both Miller and his father waived any potential conflict.

> Where defendants state on the record that they have discussed the case with counsel, that there is no conflict of interest and that they are satisfied to proceed with one counsel, any error was induced by the defendants' statements, and induced error is impermissible. A party can not during the trial ignore what he thinks to be an injustice, take [a] chance on a favorable verdict, and complain later.

(Citations and punctuation omitted.) *Brumelow v. State*, 239 Ga. App. 119, 123 (6) (520 SE2d 776) (1999).

3. In his remaining enumeration of error, Miller contends he received ineffective assistance of counsel based on his trial counsel's failure to (a) notify his client and the trial court of his conflict of interest; (b) provide a copy of the state's evidence for Miller to review; (c) interview all potential witnesses; (d) rehabilitate potential jurors for inclusion on the panel; (e) insist that the trial court charge the jury on alibi; and (f) submit written requests to charge.

> The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674)

(1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficiency.

(Punctuation omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001).

Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

*Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

(a) We find no merit in Miller's contention that his counsel was ineffective based on the potential conflict of interest for the reasons stated in Division 2. See *Brumelow*, supra.

(b) Miller asserts his trial counsel was ineffective because he failed to provide a copy of the state's evidence for him to review. The record shows that although trial counsel did not provide Miller with a copy of the state's evidence, he did "go over" with Miller the evidence provided to him by the state. As Miller fails to explain how he was prejudiced by counsel's failure to provide him with a copy of the state's evidence and his counsel went over this evidence with him, he cannot demonstrate how the outcome of his trial would have been different. Consequently, we find no basis for reversal.

(c) Miller argues his counsel was ineffective for failing to interview all potential witnesses in the case, but fails to identify which witnesses his counsel should have interviewed. He also failed to proffer the evidence that would have been revealed by any such interviews in the motion for new trial hearing. "Absent a proffer, defendant cannot meet his burden of making an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case." (Citation and punctuation omitted.) *Sanders v. State*, 253 Ga. App. 380, 382 (559 SE2d 122) (2002). As a result, the trial court's denial of this claim of ineffectiveness was not clearly erroneous.

(d) Miller's remaining claims of ineffectiveness outlined above are waived because he was required to raise them at the earliest practicable opportunity and he failed to do so in his motion for new trial or at the hearing on this motion. *Bagwell v. State*, 270 Ga. 175, 179 (1) (f) (508 SE2d 385) (1998).

*Judgment affirmed. Blackburn, P. J., concurs. Barnes, J., concurs specially.*

BARNES, Judge, concurring specially.

Although I concur fully with all that is said in the majority opinion, I write separately to highlight my concern about the procedure of allowing defense counsel to represent a son accused of aggravated assault on his father, who is also being represented by the same defense counsel in another case in which the son is a co-defendant. I agree that this case contains an on the record waiver of the conflict from both the son and the father, and that this waiver by the son prevents him from asserting this issue in this appeal. Also, this case is less compelling because the father's testimony shows that, despite being the victim of his son's assault, the interests of the father and son in this case were not antagonistic: He wanted his son acquitted. Indeed, the only party apparently suffering prejudice from this arrangement was the prosecution. With more compelling facts, however, a different result might be reached. See *Lemley v. State*, 245 Ga. 350, 352 (1) (264 SE2d 881) (1980) (a conflict of interest can exist when defense counsel simultaneously represents a witness who is not a co-defendant, because counsel might not vigorously cross examine that witness).

Further, courts must also consider the father's interest in having counsel with undivided loyalties. As stated by our Supreme Court in *Ellis v. State*, 272 Ga. 763 (534 SE2d 414) (2000), "in a case like this one, where one attorney jointly represented conflicting interests, the evil is in what the advocate is compelled to refrain from doing. The test is whether the representation deprived either defendant of the undivided loyalty of counsel." (Citation, punctuation and emphasis omitted.) Id. at 766. An attorney not representing the son might have pursued tactics that would have been antagonistic toward the son's interest, but could have resulted in favorable treatment for the father in return for his testimony against the son.

As allowing this arrangement only increases the probability of future difficulties, I urge the trial courts to prevent it.

DECIDED FEBRUARY 7, 2005 — 

*Mark T. Phillips*, for appellant.

*Charles M. Ferguson, District Attorney, Thomas C. Earnest, Assistant District Attorney*, for appellee.