### A08A2430. MAHONEY v. THE STATE.
(675 SE2d 285)

SMITH, Presiding Judge.

James Mahoney appeals from his felony conviction for making a false statement to a law enforcement officer.[1] Mahoney asserts that he was entitled to a charge on the lesser included misdemeanor offense of giving a false name and that he received ineffective assistance of counsel. We find no merit in Mahoney's arguments and therefore affirm.

1. In his first enumeration of error, Mahoney argues that he was entitled to a jury charge on the misdemeanor offense of giving a false name to a law enforcement officer. See OCGA § 16-10-25. Mahoney, however, did not request this jury charge below. As a result, he cannot successfully assert on appeal that error resulted from the trial court's failure to give it. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error." (Citation and punctuation omitted.) *Armstrong v. State*, 292 Ga. App. 145, 147 (2) (664 SE2d 242) (2008).

2. In his remaining claims of error, Mahoney asserts his trial counsel provided ineffective assistance because she failed to: (a) reserve objections to the trial court's "total charge to the jury"; (b) request a charge on an alleged lesser included offense; and (c) "investigate, much less produce," evidence to prevent the State from using Mahoney's previous convictions to obtain recidivist sentencing.

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly

---

[1] The jury found Mahoney not guilty of committing arson in the first degree.

erroneous." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

> The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation, punctuation and footnotes omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001).

> Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

*Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

(a) We find no merit in Mahoney's claim that his counsel was ineffective for failing to reserve objections to the total charge because Mahoney has not demonstrated that any prejudice resulted. Failure to reserve objections to the charge to a jury does not amount to per se ineffective assistance of counsel as asserted by Mahoney. See *Sanders v. State*, 283 Ga. 372, 374 (2) (c) (659 SE2d 376) (2008). "Trial counsel's failure to reserve objections to the jury charge falls below an objective standard of reasonableness and therefore constitutes deficient performance only if the charge is objectionable." (Citations and punctuation omitted.) Id. at 375. As Mahoney makes no cogent argument as to why the trial court's "total charge" was objectionable, this claim of error fails.

(b) Mahoney's argument that his counsel was ineffective for failing to request a charge on the misdemeanor offense of giving a false name (OCGA § 16-10-25) also fails. The State indicted Mahoney for falsely telling a GBI special agent "that he did not make a 911 call regarding a fire at [another agent]'s residence when in fact he did." OCGA § 16-10-25 provides: "A person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birth date is guilty of a misdemeanor."

Mahoney asserts that he was entitled to a charge on OCGA § 16-10-25 because the State introduced evidence that he

gave a fictitious name to a 911 operator. In order to be entitled to a charge on a lesser included offense, however, Mahoney must show that the *same*, not different, conduct could result in the violation of the misdemeanor statute. See OCGA § 16-1-7 (a) (1). In this case, the conduct for which the State indicted and tried Mahoney would not constitute a violation of OCGA § 16-10-25. As a result, trial counsel did not render ineffective assistance of counsel by failing to request a lesser included charge. See *Chancey v. State*, 258 Ga. App. 319, 321 (4) (a) (574 SE2d 383) (2002). An ineffective assistance of counsel claim cannot be supported "where as here the evidence does not reasonably raise the issue that [the appellant] may be guilty only of the lesser crime." (Citations omitted.) Id.

(c) In his remaining claim of ineffectiveness, Mahoney argues his trial counsel was ineffective because she failed to investigate and produce evidence disputing the voluntariness of his guilty pleas to prior crimes.[2] We find no merit in this claim, however, because Mahoney failed to produce any evidence in the motion for new trial hearing calling into question the voluntariness of his prior guilty pleas. "Absent a proffer, defendant cannot meet his burden of making an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case." (Citations and punctuation omitted.) *Sanders v. State*, 253 Ga. App. 380, 382 (559 SE2d 122) (2002).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 11, 2009.

*Michael O. Horgan*, for appellant.
*Dennis C. Sanders, District Attorney, William P. Doupé, Assistant District Attorney*, for appellee.

---

[2] Although Mahoney asserted in the enumeration of error section of his brief that the State failed to sufficiently prove his prior felony convictions for purposes of recidivist sentencing, it is clear from the argument section of his brief that he is actually contending that his counsel was ineffective for failing to investigate the voluntariness of his prior guilty pleas.