A91A1565. WILLIAMS v. THE STATE.
(411 SE2d 310)

McMURRAY, Presiding Judge.

Defendant was convicted of aggravated assault (with a deadly weapon) and aggravated assault upon a peace officer. He was sentenced to serve consecutive ten year prison terms. He appeals, following the denial of his motion for a new trial. *Held*:

1. A review of the evidence demonstrates that as he was squabbling with his girl friend, defendant fired two shots from a .25 caliber automatic pistol into the ground. The girl friend called the police and a police officer spoke with her at the scene of the crime. At that point, defendant fired a shot at the girl friend and the police officer. Thereupon, defendant fled into a nearby wooded area.

The evidence was sufficient to enable any rational trier of fact to find defendant guilty of aggravated assault (with a deadly weapon) beyond a reasonable doubt and also guilty of aggravated assault upon

a peace officer beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Defendant's contention that the State failed to prove that the pistol was capable of inflicting serious bodily injury is not meritorious. "[T]he deadly force of a gun is known to all." *Crawford v. State*, 245 Ga. 89, 94 (263 SE2d 131).

2. Inasmuch as defendant was tried on June 20, 1990, it cannot be said that the trial court erred in charging the jury on flight. The rule announced in *Renner v. State*, 260 Ga. 515, 518 (397 SE2d 683), "it shall be reversible error for a trial court in a criminal case to charge the jury on flight," did not go into effect until after that case appeared in the advance sheets on January 10, 1991.

3. Relying on *Paxton v. State*, 160 Ga. App. 19, 22 (6) (285 SE2d 741), defendant contends the trial court erred in permitting a photostatic copy of a .25 caliber automatic pistol to be introduced in evidence. We disagree. Unlike *Paxton*, there was no dispute in the case sub judice that defendant had a pistol in his possession during the relevant time period. Inasmuch as defendant's girl friend testified that the photostatic copy of the .25 caliber automatic pistol was similar to the pistol which defendant had in his possession, it cannot be said the trial court erred in admitting the photostatic copy of the pistol in evidence. Compare *Paxton v. State*, 160 Ga. App. 19, 22 (6), supra, with *Gunn v. State*, 245 Ga. 359, 362 (4) (264 SE2d 862). See also *Duvall v. State*, 238 Ga. 325 (232 SE2d 918).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 16, 1991 —
RECONSIDERATION DENIED OCTOBER 7, 1991 — 

*Cramer & Shepherd, Randall E. Brown*, for appellant.

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.