## A93A0972. HAMILTON v. THE STATE.

(435 SE2d 61)

BIRDSONG, Presiding Judge.

Millard Hamilton appeals his judgment of conviction of theft by taking motor vehicle and the sentence. His sole enumeration is that the trial court erred in admitting evidence of the victim's in-court identification of appellant. On the night of the incident, Officer Francis received a radio report regarding a stolen white, four-door, 1991 Lincoln Towncar with a possible flat tire; he pulled into a local service station and saw an automobile matching that description parked about half-way in the bay door. A tire had just been changed on the vehicle. Appellant was sitting in the driver's seat of the Lincoln and the other defendant was about to open the passenger door. As the officer was placing the two defendants under arrest, defendant Simpson threw an American Express card in the name of Laurie Williams to the ground. *Held:*

1. "The considerations in evaluating the likelihood of misidentification include: (a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation." *Martin v. State*, 193 Ga. App. 581, 582 (1) (388 SE2d 420), citing *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401). The witness, Wagner, was working at the service station when appellant and his co-accomplice brought the stolen Lincoln in to have its front tire fixed (the flat occurred during the theft of the car when it was driven the wrong way against a tiger-claw guard); it took ten to fifteen minutes to change the tire. Without any apparent hesitation of record, Wagner made an unequivocal in-court identification of the accused. The record reveals that Wagner had ample opportunity to view appellant and his co-defendant Simpson at the service station; he recalled the general weather conditions that night and gave an accurate description of the car in question and its year, the details of the business transaction with the defendants to include the suspects' attempted payment by an American Express credit card which was issued in the name of Laurie Williams, and the defendants ultimate purchase of the tire with cash. Approximately a year had passed since the incident at the day of trial. The record also establishes that, on the morning of trial, the prosecutor showed the witness a book-in picture taken the night the two were arrested. The prosecutor stated on the record that this was not done to coach the witness in his identification, but merely to ensure that defendants were the men who the witness had seen that night. The witness testified that the arresting officer was also present and identified defendants from the pictures at the same time. The

arresting officer testified that he showed his police report to the witness, Wagner. Wagner, however, testified that he did not identify the men because of the picture shown to him that morning or because of anything some other person may have done. He believes he could have made an in-court identification even if not shown the picture that morning. As to Wagner, under the totality of the circumstances, we are satisfied that the identification procedure was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *McCoy v. State*, 190 Ga. App. 258, 260 (3) (378 SE2d 888). Moreover, "the witness' in-court identification may still be admitted if it has an 'independent origin' from [any] illegal identification procedures involved." *Id.* at 261. Considering the totality of the circumstances, as well as the witness' ability to identify appellant without hesitation or equivocation, notwithstanding the passage of time until trial, we find that there existed "independent circumstances" for the witness' in-court identification within the meaning of *Martin*, supra at 583, and *McCoy*, supra.

Applying the same tests, we reach the same result regarding the in-court identification made by the arresting officer, Officer Francis. Officer Francis looked at photographs of defendants prior to the preliminary hearing, and at his request, again on the day of trial. The officer requested to see photographs because the names the defendants gave at the time of arrest did not match the names issued on the subpoena, and he was trying to determine which person matched which name on the subpoena. It was only after the officer had identified the photographs by giving each the name which that particular defendant had given at arrest time that the prosecutor told him the actual names of the men in the photographs. The officer first identified appellant from the photograph as being the defendant arrested who had claimed he was "Brinkman"; then the prosecutor told him that the man was appellant Hamilton.

In view of the totality of the circumstances, we are satisfied that the identification procedure was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *McCoy*, supra. Moreover, considering the totality of the circumstances, as well as the arresting officer's ability to identify appellant without hesitation or equivocation, notwithstanding the passage of time until trial, we find that there existed "independent circumstances" for the arresting officer's in-court identification, within the meaning of *Martin*, supra at 583, and *McCoy*, supra.

Appellant's sole enumeration of error is without merit.

2. Additionally, appellant's oral pretrial statement was received in evidence wherein he admitted to having driven the stolen Lincoln on the night of the incident and to having stopped at the gas station to have a flat tire repaired. Appellant subsequently testified in his

own behalf and made an admission in judicio that he had driven the 1991 or 1992 Lincoln from the rental company and had stopped at the service station to get the flat tire fixed; however, appellant maintained that he had given a girl, named Gwen, money to rent the car for them, and that they merely took possession of the car from her after they believed she had rented it. Even assuming error had occurred in the admission of in-court identification evidence of appellant as being the person who had been driving and was arrested sitting inside the stolen vehicle, we find that in view of the overwhelming evidence of record regarding appellant's identification as the driver of the vehicle on the night of the incident that any such error would be harmless beyond a reasonable doubt. *Palmer v. State*, 186 Ga. App. 892, 897 (3) (369 SE2d 38).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 4, 1993.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney*, for appellee.