## A01A0766. THOMAS v. THE STATE.
(548 SE2d 71)

BARNES, Judge.
A jury convicted Willie Clark Thomas of armed robbery and kidnapping. He appeals, contending that insufficient evidence supports the convictions and that the trial court erred in denying his motion to suppress the victim's pretrial identification of him. He further contends the trial court erred in denying his motion for mistrial made due to the State's failure to disclose before trial that the victim saw Thomas make certain hand gestures at a preliminary hearing and in giving a particular charge to the jury. We affirm.

1. We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in the light most favorable to the verdict, the evidence at trial established that the victim stopped for gas at a station on Stewart Avenue in Atlanta. In his truck were five other men who were all on their way to work. Thomas opened the truck door with a pistol in his hand and forced the victim to move over from behind the wheel, then drove the truck to a nearby driveway of an apparently abandoned house. Thomas ordered the men to get out of the truck and

place their hands on the vehicle. He patted them all down, then took their wallets and some gold jewelry from the men. The victim testified he had been carrying about $300 and that he got a good look at the robber's face. After the robbery, a white woman picked Thomas up in a cream-colored Cadillac.

The victim testified that he went on to work and reported the incident to his boss, who told him to "just let it go." The victim, whose testimony was translated at trial, did not speak English and explained that he was scared and did not know what to do after the robbery. After work that day, he called a friend who spoke English and Spanish and who worked as a detention officer at the Roswell jail. He and the friend went to the police station to report the robbery and gave the investigating detective a description of the car along with the first four symbols on the tag, followed by either "M" or "N." He examined mug shots that evening but could not identify anyone as the robber.

The investigating officer testified that he had seen a similar car in the Stewart Avenue area, with a black man and white woman inside. He obtained a photograph of the man and placed it in a photographic lineup, which the victim examined approximately five weeks after the robbery. The victim identified Thomas as the robber right away. The partial tag number provided by the victim matched the tag number on Thomas's cream-colored Cadillac.

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Thomas guilty beyond a reasonable doubt of armed robbery and kidnapping. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thomas contends the trial court erred in allowing an in-court identification because it was tainted by an impermissibly suggestive pretrial identification procedure. "The dispositive question in resolving this issue is whether the procedure used resulted in a very substantial likelihood of irreparable misidentification." (Citations and punctuation omitted.) *Maloy v. State*, 240 Ga. App. 3, 4 (3) (522 SE2d 490) (1999).

(a) In that regard, Thomas argues that the victim's description of the perpetrator's height and weight varied from Thomas's height and weight and that too much time — five weeks — had passed between the robbery and the photo identification. Despite the variance in Thomas's height and weight from the victim's description, Thomas being three inches taller and seventy-five pounds heavier at trial than the victim's description of the perpetrator, the victim testified that he remembered Thomas's face well and was "absolutely sure" he was the robber. Thomas has gold teeth, as the victim described to the police, and admitted on the stand that he had gained weight in the previous year.

Determining the witnesses' credibility is the jury's province, and under the evidence presented the jurors were authorized to believe the victim's identification testimony. *Grier v. State*, 206 Ga. App. 93, 94 (1) (424 SE2d 358) (1992).

Further, Thomas has not alleged how the photo lineup was impermissibly suggestive or what improper procedures were used that might have tainted the result. On review, the record contains no evidence that the photographic display was assembled in an impermissibly suggestive manner, and the victim's interpreter testified that the police officer made no indication as to whom to select.

(b) Thomas also argues that the in-court identification was impermissibly suggestive because the State showed the victim a single picture of Thomas just before trial. However, the initial photo lineup was not impermissibly suggestive, and the victim testified that he remembered Thomas's face and was absolutely sure he was the robber. Under the totality of the circumstances, we are satisfied that the identification procedure was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Accordingly, the trial court did not err in denying Thomas's motion for mistrial. *Hamilton v. State*, 210 Ga. App. 19, 20-21 (1) (435 SE2d 61) (1993).

3. Thomas asserts the trial court erred in denying his motion for a mistrial due to what he characterizes as a discovery violation. The victim testified that, when he saw Thomas at a preliminary hearing, Thomas "would point to me and go like this, like it's not me, I'm not the one (witness indicating)." Thomas contends that the State should have told him about these gestures at least ten days before trial; the State responded that it had given Thomas the name and numbers of both witness and translator and could not "give" Thomas a gesture.

OCGA § 17-16-7 provides that the prosecution shall produce for the defendant "any statement of any witness that is in the possession, custody, or control of the state or prosecution . . . that relates to the subject matter concerning the testimony of the witness that the party in possession, custody, or control of the statement intends to call as a witness at trial. . . ."

The State has no obligation to produce an oral statement that was not recorded or written. *Cox v. State*, 242 Ga. App. 334, 338 (7) (528 SE2d 871) (2000). Similarly, the State has no obligation to produce a gesture, assuming it were possible to do so. The trial court did not err in denying Thomas's motion for mistrial.

4. Thomas contends the trial court erred in charging the jury as follows, omitting the bracketed word "generally": "The testimony of a witness is [generally] sufficient to establish a fact if the jury believes the witness." Thomas contends that the charge as given created an unconstitutional "mandatory irrebuttable presumption."

The language of the charge comes from OCGA § 24-4-8, which is titled, "Number of witnesses required generally; exceptions; effect of corroboration." The full text of the statute provides:

> The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including prosecutions for treason, prosecutions for perjury, and felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason.

During the charge conference here, the trial court explained that it included the word "generally" in this charge when it was then going to follow with a charge to the contrary, such as, for example, following with: "However, since this is a child molesting case, the conviction cannot rest on the uncorroborated testimony of the victim. . . . I don't see any reason to tell them that it was generally acceptable because it is in this case. It is acceptable."

After giving the charge at issue, the trial court then charged the jury on witness credibility and impeachment, directing it that "[i]t is for you alone to determine what testimony you will believe and what testimony you will not believe." The court further charged that "[t]he jury being the exclusive judges of the credibility of the witnesses, it is for them to determine the credit that shall be given to any witness who testified."

This charge does not create a presumption, irrebuttable or otherwise, and is not burden shifting. Because the testimony of the victim did not have to be corroborated, *Gay v. State*, 143 Ga. App. 857 (1) (240 SE2d 226) (1977), we conclude that the trial court did not err in giving this jury charge.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 20, 2001 —
RECONSIDERATION DENIED MAY 9, 2001.

*Elaine T. McGruder*, for appellant.
Willie C. Thomas, *pro se.*
*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Elizabeth A. Baker*, Assistant District Attorneys, for appellee.