## A02A1752. CHANCEY v. THE STATE.
(574 SE2d 383)

MILLER, Judge.

A jury found Donald Chancey guilty of aggravated assault on a peace officer, misdemeanor obstruction, and criminal trespass. Following the denial of his motion for new trial, Chancey appeals, asserting several enumerations of error. Having examined each of these issues and discerning no error, we affirm.

1. Chancey contends that the evidence at trial was insufficient to sustain his conviction for aggravated assault. On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and Chancey no longer enjoys the presumption of innocence. *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence showed that an officer was dispatched to a sports shop where Chancey and the owner of the shop were arguing over a pawned gun. Once the officer arrived, he asked Chancey to leave and attempted to escort Chancey to the door. Twice Chancey pulled away from the officer and, once outside of the store, cocked his fist back, causing the officer to back up. After failing to get Chancey's cooperation, the officer sprayed Chancey with pepper spray. Chancey then grabbed a seven- to eight-foot-long chain and swung it over his head while moving toward the officer. The officer pointed his gun at Chancey and demanded that he drop the chain, and Chancey complied.

Under OCGA § 16-5-21 (a) (2), a person commits the offense of aggravated assault when he assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ." Although Chancey claimed that he was using the chain to "establish a perimeter" so that he could breathe, and that he was backing away from the officer and had no intention of hurting him, there was evidence that he came at the officer with the chain and that the officer backed away to avoid being struck. As we do not weigh the evidence or resolve conflicts in testimony, the evidence suf-

ficed to sustain the conviction. See *Thrasher v. State*, 225 Ga. App. 717, 718 (1) (484 SE2d 755) (1997).

2. Chancey argues that the court erred in (a) instructing the jury on the two counts alleged in the indictment, and (b) failing to charge the jury on the lesser included offense of simple assault.

(a) Chancey argues that the court erred in instructing the jury as to both the aggravated assault count and the obstruction count because both counts had the same elements and were therefore multiplicitous. The indictment alleged that Chancey committed aggravated assault by swinging a metal chain at the officer, and that he committed obstruction by attempting to punch the officer and by swinging the chain at the officer. The obstruction count was supported by facts separate from the aggravated assault count and would not be included as a matter of fact in that offense. See *Curtis v. State*, 275 Ga. 576, 580 (3) (571 SE2d 376) (2002).

(b) Chancey also argues that the trial court erred in failing to sua sponte charge the jury on the lesser included offense of simple assault. This argument is without merit as we have held that "absent a written request to charge, the failure to instruct the jury on a lesser included offense is not error." (Footnote omitted.) *Durrance v. State*, 250 Ga. App. 185, 187 (3) (549 SE2d 406) (2001). There was no error in failing to give the unrequested charge.

3. Chancey contends that the trial court erred in limiting his cross-examination of a State's witness. He argues that the State raised the issue of the arresting officer's training in the use of pepper spray but that he was not allowed to cross-examine the officer as to that training. Although Chancey is entitled to a thorough and sifting cross-examination of the officer, the scope of such cross-examination is within the sound discretion of the trial court. *Bennett v. State*, 265 Ga. 38, 41 (4) (453 SE2d 458) (1995). "The trial court may restrict the scope of cross-examination if an inquiry is not relevant or material to issues being tried." (Citation omitted.) *Belt v. State*, 225 Ga. App. 813, 815 (3) (485 SE2d 39) (1997). Here, after counsel thoroughly cross-examined the officer as to his training in the use of pepper spray, Chancey attempted to elicit from the officer "what happens when someone gets sprayed with pepper spray. What their reactions would be." The trial court ruled that this was irrelevant. Later in the officer's testimony, defense counsel asked the officer if he was aware of problems other police departments have had with the use of pepper spray. Again, the court found this to be irrelevant. In both instances, the trial court did not abuse its discretion in limiting cross-examination as neither line of questioning was relevant to the issues being tried. See *Stevens v. State*, 213 Ga. App. 293, 294 (2) (444 SE2d 840) (1994); *Nichols v. State*, 210 Ga. App. 134, 137-138 (5) (435 SE2d 502) (1993).

4. Chancey contends that his trial counsel failed to afford him effective assistance. In order to establish ineffective assistance of counsel, Chancey was required to show that his trial counsel's performance was deficient and that such deficient performance so prejudiced his defense that a reasonable probability existed that the outcome of the trial would have been different in the absence thereof. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Duncan v. State*, 253 Ga. App. 239, 242 (2) (558 SE2d 783) (2002). Absent a showing of prejudice, no further inquiry need be made into counsel's alleged deficiency. *Laredo v. State*, 253 Ga. App. 155, 157 (2) (558 SE2d 742) (2002). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citation and punctuation omitted.) *Burk v. State*, 253 Ga. App. 272, 274 (2) (558 SE2d 726) (2001).

(a) Chancey first claims that trial counsel was ineffective for failing to request a jury instruction on simple assault as a lesser included offense of aggravated assault. However, such failure cannot support a claim of ineffective assistance where as here the evidence does not reasonably raise the issue that Chancey may be guilty only of the lesser crime. See *Head v. State*, 233 Ga. App. 655, 659 (4) (504 SE2d 499) (1998); see also *Green v. State*, 175 Ga. App. 92, 94 (4) (332 SE2d 385) (1985); cf. *Ney v. State*, 227 Ga. App. 496, 503 (4) (g) (489 SE2d 509) (1997).

(b) Chancey also argues that his trial counsel failed to adequately consult with him. At the hearing on the motion for new trial, Chancey testified that he had difficulty contacting trial counsel. Trial counsel testified that he met with Chancey on several occasions, spoke with him several times by phone, and contacted witnesses for trial. Although trial counsel admitted that he would have liked to have spent more time preparing Chancey for his testimony at trial, we find no evidence in the record indicating that Chancey's defense was prejudiced by his counsel's actions. See *McGee v. State*, 255 Ga. App. 708, 713 (2) (f) (566 SE2d 431) (2002). Moreover, Chancey has pointed to no specific issues concerning his case on which trial counsel failed to consult with him. This argument is without merit.

(c) Chancey argues that trial counsel provided ineffective assistance because he failed to object to the exemplar of the metal chain used at trial. This argument is also with merit. Several witnesses testified that the chain admitted into evidence was similar to the one used by Chancey. There was no dispute that he used such a chain, and the length of the chain was not an issue at trial. See *Williams v. State*, 201 Ga. App. 416, 417 (3) (411 SE2d 310) (1991). Under these circumstances, trial counsel's failure to object to the admission of the chain did not constitute ineffective assistance. Moreover, Chancey

has not shown a reasonable probability that the outcome of the proceedings would have been different, but for counsel's alleged deficiency. See, e.g., *Morrison v. State*, 251 Ga. App. 161, 163 (2) (554 SE2d 190) (2001).

The trial court's determination that Chancey received effective assistance of counsel was not clearly erroneous.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 8, 2002.

*Franklin D. McCrea*, for appellant.

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.