A08A0887. WHITLEY v. THE STATE.
(667 SE2d 447)

ANDREWS, Judge.

Jamie Lee Whitley was found guilty by a jury of armed robbery, aggravated assault, burglary, false imprisonment, and possession of a firearm during the commission of the felony of aggravated assault. Based on evidence that Whitley was guilty as a party to the charged offenses, the trial court entered judgment of conviction on all the guilty verdicts except aggravated assault, which the court merged into the armed robbery. Whitley contends that the evidence was insufficient to support the convictions and that his trial counsel provided ineffective assistance. We find no merit to these contentions and affirm the judgment of conviction.

1. Viewed in the light most favorable to the guilty verdicts, the State produced evidence that Whitley intentionally aided and abetted a home invasion in which the home was burglarized and an occupant of the home was detained and robbed by use of a handgun. Evidence showed that the 16-year-old child of the homeowner was alone in the home when Whitley knocked on the door and asked if the child's brother was home. The child, who recognized Whitley as an acquaintance of his older brother, told Whitley that his brother was not home. After Whitley asked if anyone else was there and the

YALE LAW LIBRARY

child confirmed that he was alone, Whitley asked if he could come inside to get a drink of water and use the bathroom and the child complied. While inside, Whitley briefly walked around the home, inquired where the other family members were, and then left. About five minutes later, the child was confronted inside the home by a man the child did not know, who pointed a handgun at the child and forced the child into a room, where the man handcuffed the child's hands behind his back and tied his feet. While the child lay handcuffed and tied on the floor of the room for about two hours, he could hear people ransacking through other parts of the home. After about two hours, the child was able to get his feet untied and ran to the front door. He turned around and opened the front door with his still-handcuffed hands, and ran out of the home. As the child exited the front door, he saw a truck parked on the side of the home next to the basement door. He saw one man sitting in the truck and two men talking to each other and loading the truck with boxes of items taken from the home. He recognized one of the men loading the truck as the gunman who detained him and the other as Whitley. The child ran immediately to a neighbor's home and the neighbor called the police. When police arrived, the truck and all three men, including Whitley, were gone.

Evidence showed that, during the invasion, the home was ransacked and numerous items of property, including the child's computer, were taken from the home. The child identified a box left behind by the men as containing items of property taken from the home. During the period of time when the home invasion occurred, a neighbor who lived across the street from the home saw a truck (similar to the one seen by the child) parked near the basement door side of the home. The neighbor saw a man in the truck (matching the description of the gunman) get out of the truck, walk toward the basement door of the home, and speak with another man (matching Whitley's description) outside the basement door. The child and the child's father (the homeowner) testified and confirmed that none of the persons seen or heard by the child had authority to enter the home.

The evidence was sufficient for the jury to find beyond a reasonable doubt: (1) that, as charged in the indictment, the child was the victim of an armed robbery which occurred when the gunman, by use of a handgun, took the child's computer from the child's immediate presence (OCGA § 16-8-41 (a); see *Welch v. State*, 235 Ga. 243, 245-246 (219 SE2d 151) (1975) (where offensive weapon used to detain victim in one room of home while victim's property taken from another room, property was taken from victim's "immediate presence" within the meaning of OCGA § 16-8-41 (a)); (2) that the child was the victim of false imprisonment which occurred when

the gunman, by use of handcuffs and other restraints, illegally detained the child in violation of the child's personal liberty (OCGA § 16-5-41 (a)); and (3) that the gunman and at least one other person committed burglary as set forth in OCGA § 16-7-1 (a) when, without authority, they entered the home with the intent to commit theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Notwithstanding merger of the aggravated assault into the armed robbery, evidence sufficient to establish beyond a reasonable doubt that Whitley was a party to the aggravated assault authorized his conviction as a party to possession of a firearm during the commission of the aggravated assault. OCGA § 16-11-106 (b), (e); *Williams v. State*, 277 Ga. 368 (589 SE2d 563) (2003); *State v. Marlowe*, 277 Ga. 383, 385 (589 SE2d 69) (2003); *McClendon v. State*, 287 Ga. App. 238, 240 (651 SE2d 165) (2007). Even in the absence of evidence sufficient to show that Whitley directly committed the charged offenses, he was guilty as a party to the offenses because he aided and abetted the commission of the offenses. OCGA §§ 16-2-20 (a), (b) (3); 16-2-21; *Jackson v. Virginia*, supra. In support of Whitley's conviction as a party to the offenses, the State produced evidence that Whitley and the gunman loaded the truck with property stolen from the home during the two-hour home invasion, and that Whitley was present speaking with the gunman during the home invasion. There was also evidence that, just minutes prior to the home invasion, Whitley used his acquaintance with the child's brother to speak with the child to determine the location of other family members and to confirm that the child was alone in the home. The evidence of Whitley's conduct before and during the offenses at issue was sufficient to support the jury's conclusion that he intentionally aided and abetted the commission of the offenses. *In re R. K. J.*, 179 Ga. App. 112-113 (345 SE2d 658) (1986).

2. Whitley claims that the trial court erred by denying his motion for a new trial made on the basis that trial counsel provided him with ineffective assistance when she (1) failed to insist on a jury instruction stating that the State had the burden to provide evidence identifying him as the person who committed the charged offenses; (2) failed to request charges on various lesser included offenses; and (3) failed to request a charge on conspiracy.

> To obtain reversal of a conviction based on a claim of ineffective assistance of trial counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In addressing the claim, a court must

measure counsel's performance against an objective standard of reasonableness in light of all the circumstances and apply the strong presumption that all of counsel's significant decisions were made in the exercise of reasonable professional judgment. Id.; *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). The trial court's finding that a defendant was afforded effective assistance of counsel must be upheld on appeal unless clearly erroneous. *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994).

*Mayfield v. State*, 276 Ga. App. 544, 546 (623 SE2d 725) (2005).

Trial counsel testified at the motion for new trial hearing that Whitley did not claim he was not the person seen and identified by the child before and during the home invasion. Rather, as the trial record shows, Whitley relied on a "mere presence" defense, claiming that, although he was there, he did not aid, abet, or otherwise help those who committed the offenses. See *Garcia v. State*, 290 Ga. App. 164, 165 (658 SE2d 904) (2008). The trial court charged the jury on this defense, and trial counsel testified at the motion for new trial hearing that no charges were requested on misidentification of Whitley or on any lesser included offense or conspiracy because these charges would have been inconsistent with Whitley's defense that he was merely present at the scene of the charged offenses and had no involvement. We find no error in the trial court's finding that this was not deficient performance but a strategic decision made in the exercise of reasonable professional judgment. The trial court did not err by denying the motion for a new trial.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 19, 2008.

*John R. Burdges*, for appellant.
*Daniel J. Porter, District Attorney, Tracie H. Cason, Assistant District Attorney*, for appellee.