S09A0843. GUTIERREZ v. THE STATE.
(684 SE2d 652)

MELTON, Justice.

Following a jury trial, Eduardo Gutierrez was found guilty of felony murder, malice murder, three counts of aggravated assault, and three counts of possession of a firearm during the commission of a crime in connection with the shooting death of Jorge Ochoa and the shooting of two other men.[1] Gutierrez contends on appeal that the evidence was insufficient to support the verdict, that the trial court erred by failing to merge the aggravated assault charge relating to Ochoa with the murder charges relating to that same victim, and that his sentence for the three charges of possession of a firearm is illegal. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence shows that, on March 12, 2006, Byron Acosta confronted Gutierrez after witnessing him accost a female at a bar. Gutierrez hit Acosta and the two men fought, prompting Ochoa to attempt to defuse the situation. Gutierrez drew a handgun and fired it three times, wounding Ochoa and Johnny Orrllana. After having been

---

[1] On October 11, 2006, Gutierrez was indicted for the malice murder, felony murder, and aggravated assault of Ochoa. He was also charged with the aggravated assaults of Johnny Orrllana and Byron Acosta, three counts of possession of a firearm during the commission of a crime, obstruction of an officer, and simple assault. Following a November 5-9, 2007 jury trial, the trial court entered a directed verdict of acquittal on the obstruction of an officer charge, and Gutierrez was found guilty on all remaining counts other than simple assault. On November 9, 2007, Gutierrez was sentenced to life for the malice murder plus twenty consecutive years for the three aggravated assault counts. Gutierrez also received five consecutive years for each of the three firearm possession counts. The conviction for felony murder was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Gutierrez filed a motion for new trial on November 13, 2007, and the motion was denied on January 24, 2008. Gutierrez filed a notice of appeal with the Court of Appeals on February 4, 2008, and his appeal was transferred to this Court. Gutierrez's appeal was docketed in this Court on February 11, 2009, and submitted for decision on the briefs.

wounded in the arm by the first gunshot, Ochoa then lunged at Gutiererez, and he and Acosta tried to wrestle the gun away from Gutierrez. During the struggle, Gutierrez again repeatedly fired his handgun, killing Ochoa and wounding Acosta.

The evidence was sufficient to enable a rational trier of fact to find that Gutierrez was guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Gutierrez argues that the trial court erred in failing to merge the aggravated assault charge relating to Ochoa with the murder charges relating to that same victim. Specifically, Gutierrez contends that, because the same facts to support the aggravated assault conviction were used to support the murder conviction, the aggravated assault charge had to merge into the murder charge for sentencing purposes. The record, however, shows that the aggravated assault offense was completed prior to the incident that supported the murder charge against Gutierrez. Specifically, viewed in the light most favorable to the verdict, the record reveals that, in his initial confrontation with Ochoa, Gutierrez fired a non-fatal shot that wounded Ochoa in the arm, thus completing the offense of aggravated assault. After already being shot, Ochoa then lunged at Gutierrez and engaged in a brief struggle with him. During that second confrontation, Gutierrez fired a second set of gunshots, killing Ochoa. Indeed,

> the evidence in this case showed two distinct sets of shots separated by the victim's attempt to [disarm Gutierrez]. Because the State used different evidence to prove the two crimes and showed that [Gutierrez] completed the aggravated assault before firing the [additional] shots that caused [Ochoa's] death, we conclude that the trial court had authority to enter a separate judgment of conviction and sentence for the aggravated assault.

(Footnote omitted.) *Stockford v. State*, 276 Ga. 241, 243 (3) (575 SE2d 889) (2003). See also *Moore v. State*, 285 Ga. 157 (3) (674 SE2d 315) (2009) (aggravated assault and murder convictions authorized where defendant pointed gun at victim at one end of store and fatally shot victim at other end of store); *Farley v. State*, 277 Ga. 622 (2) (593 SE2d 328) (2004) (aggravated assault and murder convictions authorized where victim suffered non-fatal shot to arm before receiving fatal gunshot wounds to the back when she tried to run away).

3. Gutierrez claims that the trial court erred by improperly sentencing him to 20 years for possession of a firearm during the commission of a crime. The record, however, belies this assertion.

Gutierrez was not sentenced to 20 years for possession of a firearm, as he asserts. Rather, he was properly sentenced to five years for each of the three counts of possession of a firearm against him. See OCGA § 16-11-106 (b) (1); *State v. Marlowe*, 277 Ga. 383, 386 (2) (589 SE2d 69) (2003) ("[W]here multiple crimes are committed together during the course of one continuous crime spree, a defendant may be convicted once for possession of a firearm during the commission of a crime as to every individual victim of the crime spree."). Gutierrez's contention is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.

*Tracy G. Lawson, District Attorney, Luana Popescu, Jason B. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.