## A11A0779. BELLAMY v. THE STATE.
### (720 SE2d 323)

SMITH, Presiding Judge.

Kenneth Bellamy appeals from his convictions on one count of armed robbery and two counts of possession of a firearm during the commission of a felony.[1] He asserts that the trial court erred in its charge to the jury, that he received ineffective assistance of counsel, and that the trial court erred by failing to merge or vacate one of his firearm convictions. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that the two victims were robbed at gunpoint by three men after they walked and got into their parked car after leaving a

---

[1] The jury acquitted Bellamy of obstruction of an officer, as well as a second armed robbery count.

nightclub. One of the men had a gun and banged it against the front passenger's car window where one victim was seated and then went to the driver's side window where the other victim was seated. The passenger seat victim testified that the gunman "kinda went back and forth."

When the gunman was at the driver's side window, he banged the butt of the gun against the window, damaging it, and told the driver's side victim to roll his window down and give it up. While the passenger fumbled for his wallet, the gunman hit him in the face with his fist and demanded that he hurry up. When the passenger's wallet fell, one of the men picked it up and took it. When the driver could not retrieve his wallet from his pants quickly because it was stuck, one of the other men hit him in the face. To comply faster, the driver got out of the car, took off his pants, and handed them to the man who hit him.

After obtaining both wallets, the three men left together in a light-colored Lexus driven by a fourth person. The victims called the police, and shortly after the lookout was issued, a police officer in a marked police car "spotted a silver or tannish colored Lexus four-door model occupied by several black males." When the officer turned around to get behind the vehicle to further identify it, "it took off at a high rate of speed" toward a housing project.

When the officers located the car in the housing project, it was parked and empty. Shortly after the car was located, an officer saw three men standing in the breezeway of one of the buildings. When the men saw the police, they walked and then ran away from them. After one of these men, Bellamy, circled back and ignored an instruction to stop, an officer grabbed him. Bellamy was near the location of the Lexus when he was apprehended, and his fingerprints were found on four locations of the Lexus.

After apprehending Bellamy and another man caught hiding a gun in the housing project, the police brought the victims to the housing project. The driver identified Bellamy as the man who hit him, who told him to give it up, and to whom he handed his pants. The driver testified that he had a good opportunity to view Bellamy during the robbery and that he also recognized the army fatigue thermal shirt worn by Bellamy. He identified Bellamy 30 minutes after the robbery took place. The passenger also identified Bellamy as one of the men involved in the robbery.

1. Bellamy asserts that the trial court erred by charging the jury on prior consistent statements, that it could consider the intelligence of a witness when making credibility determinations, and a witness's reputation for truthfulness to rehabilitate if impeached by prior inconsistent statements. We cannot consider these claims, however, because the record shows that Bellamy requested two of these

charges (prior consistent statements and credibility) and made no objection to the remaining one (reputation for truthfulness) at any time during the trial. "A party cannot invite error by requesting a certain jury instruction, and then complain on appeal that the instruction, when given, is incorrect." (Citations omitted.) *Mitchell v. State*, 283 Ga. 341, 343 (2) (659 SE2d 356) (2008).

Additionally, Bellamy's failure to object at the conclusion of the trial court's charge results in a waiver "unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties." OCGA § 17-8-58 (b). In this case, Bellamy does not assert in his brief that plain error resulted from the charges. But in *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011), the Georgia Supreme Court held: "under OCGA § 17-8-58 (b), appellate review for plain error is required whenever an appealing party properly asserts an error in jury instructions." (Footnote omitted.) Id. at 32 (1). Out of an abundance of caution, we have reviewed the record under the standard set forth in *Kelly*,[2] supra, and find that plain error did not result from the trial court's reputation for truthfulness charge.

2. Bellamy contends that the trial court erred by charging the jury "that the testimony of a single witness, if believed, is generally sufficient to establish a fact." Bellamy contends that it was error for the trial court to charge only this portion of OCGA § 24-4-8 because the exceptions outlined in this Code section did not apply. OCGA § 24-4-8 provides:

> The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including prosecutions for treason, prosecutions for perjury, and felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason.

---

[2] The following four prongs are required for a finding of plain error:

First, there must be an error or defect — some sort of "deviation from a legal rule" — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the trial court proceedings." Fourth and finally, if the above three prongs are satisfied, the appellate court has the *discretion* to remedy the error — discretion which ought to be exercised only if the error " 'seriously affects the fairness, integrity or public reputation of judicial proceedings.' "

(Citation and punctuation omitted; emphasis in original.) Id. at 33 (2) (a).

According to Bellamy, he is entitled to a new trial because "the first sentence of OCGA § 24-4-8 is a truism that the jury should only be instructed on when the case involves one of the exceptions. . . ." We disagree. See *Johnson v. State*, 296 Ga. App. 112, 113 (1) (673 SE2d 596) (2009) (finding no error in identical charge); *Thomas v. State*, 249 Ga. App. 556, 558-559 (4) (548 SE2d 71) (2001) (affirming trial court's nearly identical charge because no evidence warranting charge on exceptions).

3. Bellamy contends that he received ineffective assistance of counsel based upon his counsel's affirmative requests for erroneous charges, assertion of the wrong objection to a charge requested by the State, and failure to object to the court's charge on the use of reputation for honesty to rehabilitate an impeached witness at the conclusion of the charge.

To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Miller v. State*, 285 Ga. 285, 285-287 (676 SE2d 173) (2009). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

(a) We find no merit in Bellamy's ineffective assistance claim with regard to his counsel's request for the following charge on prior consistent statements:

> Members of the jury, should you find that any witness has made a statement prior to trial of this case that is consistent with that witness' testimony from the witness stand during this trial, and that such prior consistent statement is material to the case and the witness' testimony, then you are authorized to consider the other statement as substantive evidence.

Although we agree that trial counsel should not have requested this charge, Bellamy cannot demonstrate a reasonable probability that the outcome of his trial would have been different in the absence of this charge.

In its recent decision in *Stephens v. State*, 289 Ga. 758 (716 SE2d 154) (2011), the Georgia Supreme Court held "that an instruction on prior consistent statements should no longer be given except where the circumstances of an unusual case suggest that the jury may have the mistaken impression that it cannot consider a prior consistent

statement as substantive evidence."[3] Id. at 759 (1) (a). The rationale for the Supreme Court's holding was that the pattern charge "does not assist the deliberative process, and it may cause confusion by suggesting that prior consistent statements are a different or specially important type of substantive evidence." Id.

Although the Supreme Court held that the charge should no longer be routinely given, it also recognized that a trial court's error in giving the now forbidden pattern charge on prior consistent statements "will usually be harmless." *Stephens*, supra, 289 Ga. at 760 (1) (b). It reasoned that "[t]he pattern jury instruction does not explicitly direct the jury to place any additional weight on prior consistent statements beyond that which the law already gives them. . . ." Id. It also observed that "the pattern charge simply states a truism. . . ." Id. at 759 (1) (a). Based upon the strength of the evidence presented against Bellamy as well as the Supreme Court's opinion in *Stephens*, we conclude that Bellamy cannot meet his burden of demonstrating prejudice from his counsel's request for an erroneous charge.

(b) Likewise, we are not persuaded that Bellamy can demonstrate prejudice from his trial counsel's request for a witness credibility charge that allowed the jury to consider a witness's intelligence as one of several factors in assessing credibility. The Georgia Supreme Court recently held:

> [E]ven assuming that the better practice is to omit intelligence as one of the factors in the credibility charge, its inclusion is not reversible error. Furthermore, because no reversible error occurred with respect to the jury instruction on credibility, [the defendant] cannot succeed on his alternative claim that trial counsel rendered ineffective assistance in failing to object to that instruction.

(Citations omitted.) *Howard v. State*, 288 Ga. 741, 747 (6) (707 SE2d 80) (2011).

(c) We find no merit in Bellamy's claim of ineffectiveness with regard to the single witness charge because the trial court did not err in giving this charge for the reasons outlined in Division 2 of this opinion. "The failure to pursue a futile objection does not amount to

---

[3] We note that this case was tried in 2009, before the Supreme Court issued its opinion in *Stephens*, supra. While *Stephens* may not apply to the ineffective assistance claim before us, out of an abundance of caution, we are addressing the merits of Bellamy's claim as if it did. See *Holden v. State*, 287 Ga. App. 472, 477 (4) (b) (651 SE2d 552) (2007) (better practice not to give pattern charge on prior consistent statements as substantive evidence). Compare *Williams v. State*, 201 Ga. App. 416, 417 (2) (411 SE2d 310) (1991) (holding that rule announcing forbidden jury charge would not go into effect until case announcing rule appeared in advance sheets).

ineffective assistance." (Citation omitted.) *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008).

(d) Bellamy contends his trial counsel provided ineffective assistance by failing to object to the following instruction: "Members of the jury, if it is sought to impeach a witness by proof of prior contradictory statements, then the reputation of the witness for truthfulness may be shown and then the effect of the evidence is to be determined by the jury." Bellamy contends the charge was not adjusted to the evidence because the jury was not presented any evidence of a witness's reputation for truthfulness. He also asserts that by giving the charge, the trial court "intimated its opinion as to what had or had not been proved in violation of OCGA § 17-8-57." We disagree.

First, the trial court's charge did not "constitute an expression of opinion as to the guilt of the accused in violation of OCGA § 17-8-57. That statute is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be." (Citation omitted.) *Sedlak v. State*, 275 Ga. 746, 748-749 (2) (d) (571 SE2d 721) (2002). Additionally, as in *Sedlak*, the trial judge here charged the jury that

> no ruling which I may have made during the course of the trial have I intended to express to you any opinion on the facts of this case, on the credibility of the witnesses, on the evidence, or upon the guilt or innocence of the defendants.
>
> My interest in this case is that it be presented to you fairly and according to law and that you return a verdict that speaks the truth as you find the truth of this case to be.

Finally, the charge stated the law accurately and was mere surplusage that did not mislead the jury. See *Rylee v. State*, 288 Ga. App. 784, 786 (2) (a) (655 SE2d 239) (2007) (finding no ineffective assistance of counsel based upon failure to object to surplusage in charge). For these reasons, Bellamy cannot meet his burden of proof on either prong of the ineffective assistance of counsel analysis with regard to this claim.

4. We find no merit in Bellamy's claim that one of his convictions for possession of a gun during the commission of a crime should have been merged or vacated because he was acquitted of the underlying armed robbery against the same victim. It is well established that there is no inconsistent verdict rule in Georgia, and this claim therefore has no merit. See *Coleman v. State*, 286 Ga. 291, 295-296 (4) (687 SE2d 427) (2009); *Kimble v. State*, 236 Ga. App. 391, 392-396

(1) (512 SE2d 306) (1999).[4]

> [T]he Supreme Court of Georgia has abolished the rule against inconsistent verdicts because an appellate court does not know the reasons for a jury's verdict. Accordingly, appellate courts need not invalidate a conviction on a compound offense (such as the offense of possession of a [gun] during the commission of a crime in the present case) which is logically inconsistent with an acquittal on the predicate or underlying offense (in this case, [armed robbery]) because the appellate court cannot know and should not speculate why a jury acquitted on the predicate offense and convicted on the compound offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity, but as a matter of prudence, the conviction on the compound offense should be upheld so long as the evidence will support it.

(Citations, punctuation and footnotes omitted.) *Daniely v. State*, 309 Ga. App. 123, 124-125 (1) (709 SE2d 274) (2011) (full concurrence in Division 1). In this case, the record contains sufficient evidence to support Bellamy's firearm conviction as a party to the crime, and there is no basis for reversal. *Whitley v. State*, 293 Ga. App. 605, 606-607 (1) (667 SE2d 447) (2008).

*Judgment affirmed. Mikell, C. J., and Dillard, J., concur.*

DECIDED NOVEMBER 29, 2011.

*Steven L. Sparger*, for appellant.
*Larry Chisolm, District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.

---

[4] The Supreme Court's opinion in *Stovall v. State*, 287 Ga. 415, 420-421 (5) (696 SE2d 633) (2010), does not require a different result because that case involved the failure to merge two counts of possession of a firearm during the commission of a crime when each involved the use of two different guns against the same victim. In this case, there were two victims. See *Gutierrez v. State*, 285 Ga. 878, 879-880 (3) (684 SE2d 652) (2009) (since there were three victims, defendant could be convicted of three counts of possession of a firearm during the commission of a felony).