In the Supreme Court of Georgia

Decided: February 8, 2016

S15A1312. SCUDDER v. THE STATE.

BLACKWELL, Justice.

Edward Scudder was tried by a Fulton County jury, which found him guilty of two murders and several other crimes, all in connection with the fatal shootings of brothers Crishon and Jesse Woodard. Scudder appeals, contending that the trial court erred when the judge met privately with a witness, when the court admitted certain testimony, and when it charged the jury. We find no merit in these contentions, but we do note that the trial court erred when it failed to sentence Scudder for two crimes for which the jury found him guilty. Accordingly, we affirm in part, vacate in part, and remand for the trial court to sentence Scudder on two counts of the unlawful possession of a firearm during the commission of a felony.[1]

[1] The Woodard brothers were killed on March 21, 1998. Scudder and co-defendant Kenorris Dorsey were indicted on May 28, 2004, and they were charged with two counts of malice murder, two counts of felony murder, two aggravated assaults, and two counts of the unlawful possession of a firearm during the commission of a crime. In addition, Scudder was charged with one count of unlawful possession of a firearm by a convicted felon. Scudder

1. Viewed in the light most favorable to the verdicts, the evidence shows that Scudder and Kenorris Dorsey were involved in an altercation with the Woodard brothers outside Scudder's apartment in southwest Atlanta. The Woodard brothers had confronted Scudder and Dorsey about a handgun that Dorsey allegedly had taken from their friend the night before, and Jesse eventually punched Scudder in the face. Scudder retreated into his apartment, and the Woodard brothers began fighting with Dorsey. When Scudder returned with a semi-automatic pistol, Dorsey was on the ground, being kicked by the Woodard brothers. Scudder fired at least eight shots, and both Crishon and Jesse were killed.

---

and Dorsey were tried together. Their first trial in October 2005 ended with a mistrial. They were tried again beginning on February 28, 2006, and the jury found Scudder guilty on all counts. The jury deadlocked on the charges against Dorsey, and the trial court declared a mistrial as to the co-defendant. Scudder was sentenced to imprisonment for life for the murder of Crishon Woodard, a concurrent sentence of imprisonment for life for the murder of Jesse Woodard, and a consecutive sentence of imprisonment for five years for the unlawful possession of a firearm by a convicted felon. The verdicts as to felony murder were vacated, and the aggravated assaults merged with the malice murders. See Malcolm v. State, 263 Ga. 369, 371–374 (4-5) (434 SE2d 479) (1993). As to the two counts of unlawful possession of a firearm during the commission of a felony of which the jury found Scudder guilty, the trial court erroneously determined that they also merged with the crimes for which Scudder was sentenced. See Division 6, infra. On March 13, 2006, Scudder timely filed a motion for new trial, which he amended on October 17, 2012. The trial court denied Scudder's motion on November 26, 2012, and Scudder filed a timely notice of appeal on December 7, 2012. The record was transmitted to this Court in May 2015, and the case was docketed in this Court for the September 2015 term and submitted for decision on the briefs.

Scudder does not dispute that the evidence is sufficient to sustain his convictions. Nevertheless, we have independently reviewed the record with an eye toward the legal sufficiency of the evidence, as is our customary practice in murder cases. We conclude that the evidence adduced at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Scudder was guilty of the crimes of which the jury, in fact, found him guilty. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Scudder claims that the trial court erred when the judge met privately in his chambers with a witness. The witness in question previously had explained in open court — outside the presence of the jury — that she did not want to testify, principally because her neighbors might consider her to be a "snitch." After a lengthy exchange, in which the witness said that the stress of having to testify had caused her to relapse into substance abuse, that her "mental state of mind [was] not functioning," and that she would not be "good on the court stand anyway," the trial judge offered the witness an opportunity to "come back to [his] office and . . . talk to me." The witness said that she was willing to do so and that she did not want to continue on the witness stand. After a brief

discussion in open court in which the judge said that the reasons given by the witness for her reluctance to testify did not "add up," the judge announced that he wanted to speak with her privately "for a minute." The judge and the witness then went into his chambers, accompanied by the court reporter.[2] When the judge and the witness returned to the courtroom, the judge announced that the witness would be testifying, and she did so a short time later. Although Scudder and his counsel did not go into chambers with the judge and witness, Scudder and his counsel both were present in the courtroom when the judge announced his intention to speak privately with the witness and when the judge and witness returned from chambers.

Scudder correctly asserts that a criminal defendant has the right to be present and to see and hear all "critical part[s]" of his trial. Holsey v. State, 271 Ga. 856, 860 (5) (524 SE2d 473) (1999). This "is a fundamental right and a foundational aspect of due process of law." Hampton v. State, 282 Ga. 490, 491-

---

[2] The record includes a transcript of what transpired in chambers. There, the witness explained again her reluctance to testify. Her explanation in chambers differed somewhat from what she had said in open court, principally in that she described in chambers a specific threat that she had received from an unnamed neighbor (who was not affiliated with Scudder or Dorsey), who was apparently unhappy that the police had repeatedly shown up at their apartment complex.

492 (2) (a) (651 SE2d 698) (2007) (citations omitted). It is a right that may be relinquished, however, "if the defendant personally waives it in court; if counsel waives it at the defendant's express direction; if counsel waives it in open court while the defendant is present; or if counsel waives it and the defendant subsequently acquiesces in the waiver." Id. at 492 (2) (a). Although Scudder and his counsel both were present when the judge announced his intention to speak privately in chambers with the witness, they raised no objection. When the judge and witness left the courtroom to go to chambers, Scudder and his counsel raised no objection. And again, when the judge and witness returned from chambers, Scudder and his counsel failed to object. Moreover, Scudder and his counsel failed to ask the court reporter, who had accompanied the judge and witness into chambers, to reveal what had been said in private. In these circumstances, we conclude that counsel waived the right to be present for the meeting in chambers in the presence of Scudder, who acquiesced in the waiver. See Zamora v. State, 291 Ga. 512, 519-520 (7) (c) (731 SE2d 658) (2012).

3. Scudder also claims that the trial court erred when it allowed a witness to testify in a way that, Scudder says, amounted to an improper comment upon the credibility of another witness. It is settled that credibility determinations are

5

to be made by the jury and not by other witnesses. See former OCGA § 24-9-80.[3] We need not determine whether the testimony at issue was improper, however, because the testimony — which cast doubt upon another witness's claim that he was present at the scene of the crimes and saw Scudder "c[o]me out of the house shooting" at the Woodard brothers — was favorable to Scudder. As a result, there is no harm and no reversible error. See Marshall v. State, 276 Ga. 854, 856 (2) (c) (583 SE2d 884) (2003).

4. Next, Scudder asserts that the trial court violated OCGA § 17-8-57 when it charged the jury on intent, intimating that the trial judge believed that Scudder and Dorsey shot the Woodard brothers. But OCGA § 17-8-57 "is violated only when the trial court's instruction, considered as a whole, assumes certain things as facts and intimates to the jury what the judge believes the evidence to be." Parker v. State, 276 Ga. 598, 600 (5) (581 SE2d 7) (2003) (citation and punctuation omitted). Here, the jury charge on intent began with a proper instruction that "[t]he intentions of a person [are] always a question of fact for the determination [of] the jury[,] and [intent] is a material element of

---

[3] The provisions of former OCGA § 24-9-80 were carried forward, with only minor revisions, into the new Evidence Code and now can be found at OCGA § 24-6-620.

each crime charged in this indictment." The trial court then informed the jurors about what they could, and could not, consider when determining intent, and it concluded with the language that Scudder contends is erroneous: "[W]hat the defendants' intentions are is for you to determine from the facts as you find [them] to be in this case." Scudder claims that the reference to "the defendants' intentions" implied that the trial judge believed that Scudder and Dorsey shot the victims and that the jury needed only to consider whether they had the requisite criminal intent at the time of the shootings. Given that the trial court explained to the jury that intent was only one of the elements of the crimes charged in the indictment and that they could not find Scudder guilty of any crime unless the State proved every essential element of the crime beyond a reasonable doubt, there is no likelihood that the jury considered the reference to "the defendants' intentions" as an indication of the trial court's beliefs about what the State had proven at trial. See Alexander v. State, 180 Ga. App. 640, 641 (2) (350 SE2d 284) (1986).

5. Finally, Scudder contends that he was denied the effective assistance of counsel because his trial lawyer failed to object when the court charged the jury that all witnesses are presumed to speak the truth. But we find no such

charge in the record. The page of the transcripts cited by Scudder in support of this claim reveals nothing like the alleged charge of which he complains. And while the trial court charged the jury elsewhere about its duty to determine the credibility of witnesses, the closest it came to giving the charge that Scudder alleges was when it charged the jury to — where possible — resolve conflicts in testimony without imputing false statements to a witness. But we previously have held that such a charge is proper, and it cannot serve as the basis for an ineffectiveness claim. See Mallory v. State, 271 Ga. 150, 151 (2) (517 SE2d 780) (1999).

6. The jury found Scudder guilty of two counts of unlawful possession of a firearm during the commission of a felony, but the trial court never sentenced Scudder on those counts. Instead, the trial court erroneously concluded that those crimes merged with the other crimes for which Scudder was sentenced. But the unlawful possession of a firearm during the commission of a crime is a crime distinct from the predicate felony. See, e.g., Clark v. State, 279 Ga. 243, 248 (8) (611 SE2d 38) (2005); see also OCGA § 16-11-106 (b). And as we have explained before, "where multiple crimes are committed together during the course of one continuous crime spree, a defendant may be convicted once for

8

possession of a firearm during the commission of a crime as to every individual victim of the crime spree." Gutierrez v. State, 285 Ga. 878, 880 (3) (684 SE2d 652) (2009) (citation and punctuation omitted). This sentencing error has not been raised by the State, and this Court has no duty "to scour the record searching for merger issues." Nazario v. State, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013). But if we notice a merger issue in a direct appeal, as we do here, we may resolve that issue. Id. at 486 (2) (b). Accordingly, we vacate that portion of the trial court's sentencing order in which it merged the unlawful possession of a firearm during the commission of a crime into the other crimes of which Scudder was convicted, and we remand for sentencing on those counts. See Hulett v. State, 296 Ga. 49, 52–56 (2) (766 SE2d 1) (2014).

Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.